Theodor F. VON STAUFFENBERG,
Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPEN-
SATION BOARD, Respondent.

No. 5261.

District of Columbia Court of Appeals.

Argued July 7, 1970.

Decided Sept. 25, 1970.

Thomas C. Jones, Jr. and Bingham B. Leverich for petitioner.

George A. Ross, Washington, D. C., with whom F. G. Gordon, Jr. and Russell L. Carter, Washington, D. C., were on the brief, for respondent.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge.

Petitioner here contends that certain sections of the District of Columbia Unemployment Compensation Act [1] as applied to deny his claim for unemployment benefits deprive him of equal protection of the laws in violation of the Due Process Clause of the Fifth Amendment.[2] The claim arises from the denial of unemployment benefits to petitioner because his most recent employer, the Salvation Army Men's Social Center,[3] is an organization exempt from payment of unemployment taxes. As a consequence, the District Unemployment Compensation Board has determined that petitioner does not qualify for unemployment benefits, having no record of covered employment during the base period.

Two sections of the Act are in question. Section 7(c) [4] requires that an individual must have been paid wages for "employment" in order to qualify for unemployment benefits. Section 1(b) (5) (G) [5] excepts from the definition of the term "employment"

[S]ervice performed in the employ of a corporation, community chest, fund, or

---

1. D.C.Code 1967, § 46–301 et seq.

2. The Due Process Clause, which is applicable to the District of Columbia, encompasses equal protection of the laws. Bolling v. Sharpe, 347 U.S. 497, 74 S. Ct. 693, 98 L.Ed. 884 (1954).

3. The employer, whose parent organization is the Salvation Army, operates stores which sell merchandise at a profit to fund the provision of food, shelter and rehabilitation programs for indigents and others in need of help. Petitioner worked first as a salesman and then as a store manager for the Center.

4. D.C.Code 1967, § 46–307 (c).

5. D.C.Code 1967, § 46–301(b) (5) (G).

foundation, organized and operated exclusively for religious or charitable purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual;

Petitioner does not challenge the right of Congress or a state to exempt charitable organizations from the payment of unemployment taxes.[6] His argument is that the denial of unemployment benefits to employees of exempt organizations stems from an arbitrary and discriminatory classification of employees which bears no rational relationship to the basic purpose of the Act or to the purpose of the exemption, and is thus a denial of equal protection of the laws.

We do not quarrel with petitioner's thesis that the basic purpose of the Act is to protect employees against economic dependency caused by temporary unemployment and to reduce the necessity of relief or other welfare programs.[7] We can also agree that the purpose of Section 1(b)(5)(G) of the Act is to exempt nonprofit organizations from unemployment taxes in order to support activities deemed to be in the public interest and beneficial to the public welfare. We cannot agree, however, that the subsections in question, which in combination act to deny petitioner unemployment benefits, operate to discriminate arbitrarily against him.

■ It is unquestioned that Congress or a state may constitutionally select the subjects of taxation and grant exemptions. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 509, 57 S.Ct. 868, 81 L.Ed.

1245 (1937). Petitioner's point is that the Act establishes two classes of unemployed persons, indistinguishable except that one consists of employees whose last employment was for a tax-exempt nonprofit organization and the other of persons whose last employment was for a nonexempt organization, and he seeks to apply the rationale of Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), to establish the irrationality of this classification. In *Shapiro* the Supreme Court vitiated, on equal protection grounds, a one-year residency requirement as a predicate to eligibility for welfare benefits, holding the requirement to be an infringement on the constitutionally protected right to travel which was unnecessary to promote a compelling governmental interest. However, we have no such constitutional infringement here.[8] In our judgment petitioner's argument was met in Carmichael v. Southern Coal & Coke Co., *supra*, when the court said:[9]

(c) Restriction of Benefits. Appellees again challenge the tax by attacking as arbitrary the classification adopted by the legislature for the distribution of unemployment benefits. Only the employees of those subject to the tax share in the benefits. Appellees complain that the relief is withheld from many as deserving as those who receive benefits. The choice of beneficiaries, like the selection of the subjects of the tax, is thus said to be so arbitrary and discriminatory as to infringe the Fourteenth Amendment and deprive the statute of any public purpose.

What we have said as to the validity of the choice of the subjects of the tax is ap-

---

6. An exempt organization may however elect to be covered by the Act. D.C. Code 1967, § 46–301(b) (8).

7. *See, e. g.,* Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937).

8. The court in *Shapiro* recognized a distinction between welfare benefits and insurance programs. 394 U.S. at 633 n. 10, 89 S.Ct. 1322.

9. 301 U.S. at 519, 520, 57 S.Ct. at 877; *cf.* Charles C. Steward Mach. Co. v. Davis, 301 U.S. 548, 584, 57 S.Ct. 883, 81 L.Ed. 1279 (1937); Helvering v. Davis, 301 U.S. 619, 646, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). *See also* United States v. Silk, 331 U.S. 704, 711, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947). We do not believe these cases can be distinguished merely because they were brought on behalf of commercial employers, as petitioner contends.

plicable in large measure to the choice of beneficiaries of the relief. In establishing a system of unemployment benefits the legislature is not bound to occupy the whole field. It may strike at the evil where it is most felt, * * * or where it is most practicable to deal with it, * * *. It may exclude others whose need is less * * * or whose effective aid is attended by inconvenience which is greater, * *. (Citations omitted.)

■ If, as petitioner concedes, there is constitutional authority to assess the tax and provide exemptions, a corollary authority to deny benefits to persons exempted from the tax, or employees of exempt organizations, cannot be called arbitrary or unreasonable. We hold that the discriminatory classification of employees created by Congress' legitimate interest in exempting charitable organizations from payment of the unemployment taxes is reasonable in light of the purpose of the exemption and does not violate due process.[10] As the Board suggests, petitioner's redress is by Congressional action and not by judicial legislation.

The determination of the District Unemployment Compensation Board is

Affirmed.

---

10.  We find petitioner's First Amendment argument without merit.