Charles C. ROGERS, Jr., Petitioner,

v.

**DISTRICT UNEMPLOYMENT COMPEN-
SATION BOARD, Respondent.**

No. 6264.

District of Columbia Court of Appeals.

Argued April 3, 1972.

Decided May 12, 1972.

Charles C. Rogers, Jr., pro se.

George A. Ross, Washington, D. C., with whom Russell L. Carter and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Before KELLY, FICKLING and NE-BEKER, Associate Judges.

PER CURIAM:

This is a petition for review of a decision of the District Unemployment Compensation Board (hereinafter Board) holding petitioner ineligible for benefits by reason of a deductible pension or annuity which exceeded his potential weekly benefit amount. D.C.Code 1967, § 46–307(c). Petitioner contends that his annuity is nondeductible because it is a return of his own capital. We disagree and therefore affirm.

Petitioner retired from his position with the United States Postal Service on May 31, 1971. He subsequently filed a claim for unemployment benefits, which was denied by a claims deputy because the annuity received by petitioner exceeded his potential weekly benefit amount. That initial determination was affirmed by the appeals examiner and by the Board, and this petition for review followed.

The D.C.Code provides in relevant part:

Benefits payable to an individual with respect to a week shall be reduced, under regulations prescribed by the Board, by any amount received with respect to such week as a retirement pension or annuity under a public or private retirement plan or system provided, or contributed to, by any base period employer. . . . [D.C. Code 1967, § 46–307(c).]

There is no dispute that the Postal Service is the "base period employer" under this section. Rather, the dispute is whether the employer "provided, or contributed to," petitioner's annuity. Petitioner receives a monthly annuity of $970 from the United States Civil Service Retirement Fund. This Fund was created by Congress and, as petitioner admits, the federal government contributes money to it. 5 U.S.C. § 8334 (1970). Despite these facts, petitioner argues that the initial payments made to him from the Fund represent a return of his own contributions, and that these payments are not to be used as a deduction against his potential benefit amount until he has recovered the full amount of his contribution to the Fund and begins to receive payments based on his employer's contribution. In support of this contention petitioner relies on a section of the federal tax laws, 26 U.S.C.A. § 72(d) (1970), which permits an individual to exclude from gross income "an amount equal to the consideration for the contract [annuity] contributed by the employee."

We do not find this reliance on the Internal Revenue Code persuasive. We agree with the Superior Court of Pennsylvania's analysis of the same issue.

This provision of the Revenue Act [§ 72(d)] is applicable only when the aggregate amount receivable by the employe in the first three years is equal to or greater than the amount contributed by the employe. *It does not mean that the payments received by the appellant constitute a return of his own funds until the sum which he contributed is ex-* hausted. It is an arbitrary exception to § 72(b) of the Internal Revenue Code which establishes a formula based upon the taxpayer's contribution to the fund from which the pension is paid. [Yeager v. Unemployment Compensation Board of Review, 196 Pa.Super. 162, 173 A.2d 802, 804–805 (1961).] [Emphasis supplied.]

*See* Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352, 358–59 (1970).

 In short, we hold that petitioner's annuity is deductible because his employer contributed to it.

 After careful examination of the record, we find no merit to petitioner's argument that Section 46–307(c) of the D.C.Code violates the constitutional guarantee of equal protection. *Cf.* Von Stauffenberg v. District Unemployment Compensation Board, D.C.App., 269 A.2d 110 (1970), aff'd —— U.S.App.D.C. —— (No. 24,695, decided January 28, 1972).

Affirmed.