JOHN W. BENEKOS, Plaintiff-Appellee, v. PATRICK J. CLEARY et al., Defendants-Appellants.

First District (3rd Division) No. 60457

Opinion filed December 18, 1975.

William J. Scott, Attorney General, of Chicago (Jerry Felsenthal, Assistant Attorney General, of counsel), for appellants.

Wahler and Pecyna and John W. Benekos, *pro se*, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, John W. Benekos, was declared to be ineligible for unemployment compensation benefits by the defendant, the Illinois Department of Labor's Board of Review, and sought administrative review of the Board's decision. The circuit court of Cook County reversed the defendant's decision, and this appeal follows. The principal issue for our determination is whether an individual receiving initial pension payments from the Federal government is disqualified from receiving unemployment compensation benefits due to the operation of section 611 of the Illinois Unemployment Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 441).

We affirm.

Plaintiff voluntarily retired from his employment as an attorney in the civil service of the United States Government on June 30, 1972, and began drawing his pension. He applied for unemployment compensation about five weeks later when he could not find a job. A claims adjudicator of the Illinois Department of Labor's Bureau of Employment Security-Division of Unemployment Compensation examined plaintiff's claim for unemployment compensation, but found that the amount of plaintiff's pension from the Federal government was so high as to disqualify plaintiff from receiving unemployment compensation benefits. Section 611 of the Unemployment Compensation Act provides:

"A. For the purposes of this Section 'disqualifying income' means:

1. The entire amount which an individual has received or will receive with respect to a week in the form of a retirement payment

(a) from an employing unit for which he performed services and which pays all of the cost of such retirement payment, or (b) from a trust, annuity, or insurance fund or under an annuity or insurance contract, to or under which an employing unit for which he performed services pays or has paid all of the premiums or contributions; and

2. One-half the amount which an individual has received or will receive with respect to a week in the form of a retirement payment (a) from an employing unit for which he performed services and which pays some, but not all, of the cost of such retirement payment, or (b) from a trust, annuity or insurance fund or under an annuity or insurance contract, to or under which an employing unit for which he performed services pays or has paid some, but not all, of the premiums or contributions.

B. Whenever an individual has received or will receive a retirement payment for a month, an amount shall be deemed to have been paid him for each day equal to one-thirtieth of such retirement payment. If the retirement payment is for a half-month, an amount shall be deemed to have been paid the individual for each day equal to one-fifteenth of such retirement payment. If the retirement payment is for any other period, an amount shall be deemed to have been paid the individual for each day in such period equal to the retirement payment divided by the number of days in the period.

C. An individual shall be ineligible for benefits for any week with respect to which his disqualifying income equals or exceeds his weekly benefit amount. If such disqualifying income with respect to a week totals less than the benefits for which he would otherwise be eligible under this Act, he shall be paid, with respect to such week, benefits reduced by the amount of such disqualifying income."

Plaintiff appealed to the Department's labor hearing referee, and an evidentiary hearing was held. The referee made findings and then affirmed the claims adjudicator's determination. Plaintiff then appealed to the Department's Board of Review, which affirmed the referee's decision. At each level of the proceedings, the Department's position was that plaintiff received a pension from the Federal government, and that since the Federal government and plaintiff contributed to the pension fund from which plaintiff's retirement payments were made, each payment was from an employing unit which, in the words of the statute, "pays some, but not all, of the cost of such retirement payment." Applying section 611(A)(2)(a), the Department computed plaintiff's dis-

qualifying income. Plaintiff's weekly pension was shown to be $138, and his weekly benefit amount, if he were eligible, would be $51. Since one-half of the weekly pension is $69, which exceeds the weekly benefit amount of $51, plaintiff was found to be ineligible for unemployment compensation because of section 611(C).

Plaintiff filed complaint for administrative review of the Board of Review's decision. A hearing on the complaint was held, after which the circuit court of Cook County held that section 611(A)(2) of the Act did not apply to the facts of the case, that plaintiff was entitled to unemployment compensation, and that the Board's decision was against the manifest weight of the evidence.

Plaintiff's position is that section 611 does not apply to his case because the Federal government did not contribute any money to each retirement payment he received. Mr. Benekos testified and presented evidence to show how the Federal civil service pension plan operated. Under the plan, both the employee and the employing agency make regular contributions to the Federal Civil Service Pension Fund during the course of employment. Under the regulations governing the operation of the Fund, the government keeps a separate retirement account record for each employee, showing the amounts of his contributions to the plan. When the employee becomes eligible for his pension, he is given retirement payments on a regular basis. The crucial feature of the plan is that the initial payments are funded exclusively from the employee's contributions until exhausted and thereafter from the employing agency's contributions and the plan itself. Should the employee receiving retirement payments die, the residue of the funds of his individual retirement account is paid to the decedent's estate. Plaintiff argues that since he is receiving his initial retirement payments, he is receiving his own money exclusively so that the Federal government did not pay any part of the cost of each payment.

■■ Defendant argues that the Federal government pension plan's distinction between the initial payments being paid exclusively from the employee's contribution and the subsequent payments is only an administrative or accounting procedure. To adopt the plaintiff's argument, defendant contends, would be to disregard the reality that the pension plan should be considered as a whole, and to disregard the legislature's intended purpose of section 611. As defendant states in its reply brief to this court: "A reading of section 611 must lead to the conclusion that the legislature intended pension payments received pursuant to a plan financed partly by the employer should reduce the amount of unemployment compensation to be paid."

In support of its position, defendant cites cases from other jurisdictions

inasmuch as this problem has never been before an Illinois court. *Rogers v. District Unemployment Compensation Board* (D.C.App. 1972), 290 A.2d 586, involved an individual who retired from the Postal Service with a pension from the U.S. Civil Service Retirement Fund, who applied for unemployment compensation benefits. The applicable unemployment compensation statute provided:

"Benefits payable to an individual with respect to a week shall be reduced, under regulations prescribed by the Board, by any amount received with respect to such week as a retirement pension or annuity under a public or private retirement plan or system provided, or contributed to, by any base period employer * * *." (D.C. Code Ann. § 46—307(c) (1967).)

The court applied the statute and denied benefits to plaintiff because he was receiving money which was a "retirement pension or annuity under a public or private retirement plan" which was contributed to by his employer. A similar result was reached by the Washington Supreme Court in *Caughey v. Employment Security Department* (1972), 81 Wash.2d 597, 503 P.2d 460, 56 A.L.R.3d 513, which also involved persons receiving Federal civil service retirement pensions. The applicable State statute stated:

"Any payments which an individual has claimed, is receiving or has received under a government and/or a private retirement pension plan, to which a base year employer has contributed on behalf of such individual shall be deemed remeration [*sic*] under this title for the purpose of determining eligibility * * *." (Wash. Rev. Code § 50.04.323(1).)

Benefits were denied to the plaintiffs therein.

In *Rogers, Caughey*, and the other cases cited by defendant, the applicable statutes all contained language to the effect that an individual who receives a retirement payment, pension, or annuity *from or under a plan* contributed to by the employer is disqualified from receiving full unemployment compensation benefits. (See generally Annot., 56 A.L.R.3d 520 (1974).) At this point, let us examine the language of the relevant Illinois statute, section 611:

"A. For the purposes of this Section 'disqualifying income' means:

* * *

2. One-half the amount which an individual has received or will receive with respect to a week in the form of a retirement payment (a) from an employing unit for which he performed services and *which pays some, but not all, of the cost of* such retirement payment * * *." (Emphasis added.)

As we can see, the Illinois statute does not contain any language which refers to an individual who receives a pension under a employer-contributed *plan*. Rather, section 611 apparently looks to who pays the cost of *each weekly payment*. On its face, therefore, the Illinois statute *is not* applicable to the facts at bar. The evidence shows that the cost of *each* initial retirement payment received by plaintiff was borne by him alone from his individual retirement account. As long as plaintiff is receiving payments from this account, and is otherwise eligible for unemployment compensation benefits, section 611 would be inapplicable. When the funds in his individual account are depleted, of course, section 611(A)(1) would apply because his employer would be paying the entire cost of such retirement payment deemed to be paid each week.

■■ Although defendant argues that the pension plan should be considered as a whole, we believe that the Illinois statute reflects an intention that the source of each retirement payment should be considered for purposes of disqualification from unemployment compensation benefits. Illinois does not stand alone in this regard; other states have enacted statutes which either permit identical results or make special allowances for retired Federal employees. For example, the Missouri statute (Mo. Ann. Stat. § 288.040(3)(d) (Vernon 1975 Supp.)) states that an individual is ineligible for such benefits if he is receiving a pension "paid in whole or in part from funds furnished by an employing unit *to the extent that such pension is provided from funds not provided by the claimant* \* \* \*." (Emphasis added.) In Nebraska, the statute (Neb. Rev. Stat. § 48—628(e) (1943)) provides that "no deduction shall be made for the part of any retirement pension which represents return of payments made by the individual \* \* \*." The Montana disqualification statute (Mont. Rev. Codes Ann. § 87—106(g) (1975 Supp.)) expressly provides that "'[t]his disqualification does not apply to retired Federal personnel \* \* \*." The Massachusetts provision (Mass. Gen. Laws Ann., ch. 151A, § 29(d)(4) (1974 Cum. Supp.)) states: "As used in this subsection, the term 'retirement benefit' means a benefit or pension of any type, *not including federal pensions* \* \* \*." (Emphasis added.)

Defendant argues that such a construction of section 611 would be absurd and would render the statute difficult or impossible to administer. Plaintiff notes however, that no such difficulties of administration are foreseeable because each claimant receiving a pension would be deemed ineligible for benefits unless he could certify every week that the cost of his weekly pension was not paid in any part by his employer. We feel

that defendant's arguments lack persuasiveness, especially since other States have apparently developed operable mechanisms for administering such straightforward, reasonable provisions.

■■ We hold, therefore, that section 611 of the Illinois Unemployment Compensation Act does not apply to defeat the granting of unemployment compensation benefits where an otherwise qualified claimant is receiving a periodic retirement payment, the cost of which is borne exclusively by the claimant. Since the evidence before the defendant showed that the cost of plaintiff's initial Federal civil service retirement payments is paid exclusively from the plaintiff's own contributions, section 611 does not apply in the instant case. The trial court properly held section 611 to be inapplicable herein.

Since the Board incorrectly interpreted section 611, it follows that the trial court was correct in ruling that the Board's finding and determinations in this case were against the manifest weight of the evidence. The Department of Labor's hearing referee found that both plaintiff and the Government had contributed to the pension fund. Plaintiff's uncontroverted testimony was that the cost of each of his initial retirement payments was borne by him exclusively. From these facts, the Board concluded that plaintiff was receiving pension payments pursuant to a retirement plan financed by both plaintiff and his employer, and was therefore ineligible for unemployment compensation, applying section 611. As we have held, the Board erroneously interpreted section 611. Under our interpretation of section 611, the Board's findings were irrelevant because they did not relate to the issue of who paid the actual cost of each of plaintiff's retirement payments. The only evidence as to this issue was the plaintiff's testimony.

A similar situation was before us in *Edidin v. Montgomery* (1973), 15 Ill.App.3d 909 (abstract opinion), where we wrote:

"* * * it seems clear that the hearing officer and the director made the decision in question under a mistaken view of the Illinois law governing that determination. The agency's 'findings', consequently, are either irrelevant or are entitled to little weight when measured against the proper legal standards.

* * *

The court did not reweigh the evidence presented to the administrative agency nor did it redetermine the credibility of the witnesses. The court merely pointed out that in two major respects, the decision of the administrative agency was premised on incorrect legal propositions. * * * It was not that the hearing officer incorrectly believed the evidence presented to him, but

that the hearing officer and the director used incorrect legal standards in applying the facts as it did. Consequently, the so called 'findings' were actually conclusions concerning the legal effect of the facts and were clearly erroneous."

In *Edidin*, the circuit court's reversal of the agency's determination as being contrary to the manifest weight of the evidence was affirmed. We reach the identical conclusion in the case at bar.

We shall briefly comment on defendant's allegation that the trial court committed reversible error by relying upon new evidence which had not been presented to the administrative agency, in violation of section 11 of the Administrative Review Act. (Ill. Rev. Stat. 1971, ch. 110, par. 274.) Even if the trial court inadvertently heard what the defendant argues is new evidence, the nature of the case was such that the trial court could not have based its decision upon such new evidence. The trial court ruled as a matter of law that the Board's interpretation of section 611 was incorrect, and that the Board's findings and determinations were therefore contrary to the manifest weight of the evidence; the facts were not reweighed. (See *Edidin v. Montgomery.*) The error, if any, could not have changed the outcome of this case in the least bit.

Accordingly, the order of the circuit court of Cook County reversing the decision of the Board of Review of the Illinois Department of Labor is affirmed.

Order affirmed.

DEMPSEY and MEJDA, JJ., concur.