Lee A. SUBLUSKEY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 82–1033.

District of Columbia Court of Appeals.

Argued June 29, 1983.

Decided Oct. 5, 1983.

Lee A. Subluskey, pro se.

Michael A. Milwee, Washington, D.C., for respondent.

Before NEWMAN, Chief Judge, and PRYOR and TERRY, Associate Judges.

PER CURIAM:

Petitioner challenges a decision of the District of Columbia Department of Employment Services limiting his unemployment benefits to four dollars per week. After considering all of petitioner's arguments, we affirm the determination of the Department.

## I

Petitioner, a sixty-year-old chemist, was employed by the United States Department of Commerce in the District of Columbia for three years on a contract basis. In October 1981, however, he was released from his employment when budgetary constraints prevented the renewal of his contract. In November 1981 he filed in his home state of Delaware an interstate claim for unemployment compensation against the District of Columbia. Petitioner was initially notified that he was eligible for thirty-four weeks of unemployment compensation in the amount of $196.00 per week. However, because he was receiving a pension from his former employer, Hercules, Inc.,[1] in the amount of $835.14 per month, his weekly benefits were later reduced to four dollars.[2]

Petitioner pursued his claim for unemployment benefits through the District of Columbia Department of Employment Services. After the Chief of the Office of Appeals and Review upheld the finding of an appeals examiner limiting his benefits to four dollars per week, petitioner filed this petition for review.

## II

Petitioner claims that the Department's ruling was erroneous because he left his former employer involuntarily rather than by choice, because he was somehow deceived by Hercules into accepting a financially disadvantageous pension plan, and because his wife retains an equitable interest in his pension under the law of Delaware, his marital domicile. We find no merit in any of petitioner's arguments.

■ The computation of unemployment benefits is governed by D.C.Code § 46–108 (1981). Subsection (c) of that statute provides in pertinent part:

For any week beginning after March 31, 1980, benefits payable for any week to an individual who has applied for or is receiving a retirement pension or annuity under a public or private retirement plan . . . shall, under regulations prescribed by the Board, be reduced (but not below zero) by the prorated weekly amount of such retirement pension or annuity which is reasonably attributable to such week.

Petitioner contends that because he was involuntarily separated from his employment with Hercules, he cannot be considered as having "retired," and thus his monthly payments from Hercules cannot be regarded as a "retirement pension or annuity" within the meaning of section 46–108(c). Therefore, he argues, the Department of Employment Services erroneously reduced his benefits by the amount of his payments from Hercules. We cannot accept his argument.

D.C.Code § 46–108(c) makes no distinction between voluntary and involuntary retirement. It is an unhappy fact of life that many workers are compelled to retire involuntarily because of age, illness, economic adversity, or for a number of other reasons. The clear intent of the statute, however, was to avoid duplicate compensation, and the method chosen by the legislature to achieve this purpose was to reduce an award of unemployment benefits by the amount of *any* retirement pension or annui-

---

1. Petitioner worked for Hercules, Inc., from 1947 until 1978, when he was involuntarily separated as a result of a reduction in force.

2. To reach the figure of $4.00 per week, the Department subtracted petitioner's weekly pension benefit from Hercules ($835.14 divided by 4.33, the number of weeks in a month) from the total weekly eligibility figure of $196.00.

ty.[3] It is therefore irrelevant whether petitioner's retirement was voluntary or involuntary.

We are also unpersuaded by petitioner's argument that he was deceived by his former employer, Hercules, into accepting a disadvantageous retirement plan. That is a matter solely between petitioner and Hercules and has no bearing on petitioner's claim for unemployment benefits.

Finally, petitioner contends that his pension from Hercules should be disregarded in the computation of unemployment benefits because the pension is considered marital property under the law of Delaware. *See Robert C.S. v. Barbara J.S.*, 434 A.2d 383 (Del.1981). This argument ignores the critical fact that the computation of unemployment benefits under the statute is based upon receipt of the offsetting pension, not upon the purpose to which that money may be put or the right of some other person to a share of it. Since it is undisputed that petitioner actually receives the monthly pension from Hercules, his unemployment compensation must be reduced accordingly.

The decision of the Department limiting petitioner's unemployment benefits to four dollars per week is therefore

*Affirmed.*

---

**3.** There is no question that the monthly payments which petitioner receives from Hercules are pension or annuity benefits within the meaning of D.C.Code § 46–108(c). As long as petitioner's annuity is paid, in whole or in part, by his former employer and is based on his past service to that employer, the full amount of the payment is a retirement benefit within the meaning of the statute. *Rogers v. District Unemployment Compensation Board*, 290 A.2d 586, 587 (D.C.App.1972).