Howard Z. WENTLAND, Appellant,

v.

EMPLOYMENT SECURITY DIVISION, DEPARTMENT OF LABOR, State of Alaska, Appellee.

No. 7652.

Supreme Court of Alaska.

Nov. 10, 1983.

Howard Z. Wentland, pro per.

Jeffery W. Cole and Walter Stillner, Asst. Attys. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

This case involves application of a provision of the state's Unemployment Compensation Act.

Howard Z. Wentland retired in 1981. He was granted a civil service pension made up of equal contributions by Mr. Wentland and his employer. When Wentland applied for state unemployment benefits, the Department of Labor concluded that out of each $1,490.00 monthly pension payment, the 50% contributed by the employer constituted disqualifying income for unemployment benefits. Since this amount exceeded the amount of benefits Wentland would otherwise be entitled, he was denied unemployment compensation. The Department relied on AS 23.20.362 to reach this conclusion, which states in part:

*Disqualifying or deductible income.*

(a) The amount of benefits payable to an insured worker for a week of unemployment which begins in a period for which the insured worker receives a pension,

retirement or retired pay, annuity, or similar periodic payment that is based on the previous work of the insured worker, shall be reduced by the amount of the payment that is attributable to that week. . . .

. . . .

(b) The reduction of benefits provided in (a) of this section does not apply to that part, if any, of a pension, retirement or retired pay, annuity, or similar periodic payment that is attributable to contributions of the insured worker.

Wentland argues that none of the pension income should have been disqualified since the entire amount of his monthly pension benefit is "attributable" to his personal contributions to the pension fund within the meaning of AS 23.20.362(b).[1] His point seems to be that his own and his employer's contributions to the fund were commingled, and hence it is impossible to say that any specific proportion of a given payment is not attributable to his own contributions. The Alaska Employment Security Act is a remedial statute which should be liberally construed in his favor, he adds.

Wentland's argument is without merit.[2] Whatever the case might be if he had established as a factual matter that his pension payments at this time are entirely paid out of funds he contributed and which were separately maintained,[3] his position in this appeal apparently is that no such separate fund was maintained.[4] His legal position thus completely ignores the plain language of AS 23.20.362(b), which specifically states that only "that part . . . of a pension . . . or similar periodic payment that is attributable to contributions of the insured worker" is excluded. Wentland wants to exclude all of his pension on a record which provides substantial evidence that 50% of his monthly benefit results directly from his employer's contribution. He concedes that his payment is in part "derived from" his employer's contributions. His argument is clearly insupportable in light of the language of AS 23.20.362(b).

AFFIRMED.

---

1. At the administrative level, Wentland argued that because his pension benefits are allegedly tax-exempt, they should not be counted as disqualifying income. This argument has been rejected by other courts which have considered it. *See, e.g., Rogers v. District Unemployment Compensation Board,* 290 A.2d 586 (D.C.App. 1972).

2. Since a question of statutory construction is involved, the standard of review is the "independent judgment" standard by which "the court makes its own determination of the meaning of the statute involved. . . ." *Nat. Bank of Alaska v. State, Dept. of Rev.,* 642 P.2d 811, 815 (Alaska 1982).

3. *See Benekos v. Cleary,* 35 Ill.App.3d 68, 340 N.E.2d 610, 612 (1975) (accepting claimant's evidence that under the federal civil service pension plan "initial payments are funded exclusively from the employee's contributions until exhausted"), *rev'd,* 65 Ill.2d 568, 3 Ill.Dec. 444, 358 N.E.2d 1129, 1132 (1976) (review of applicable statutes "conclusively establishes" that employee contributions are not segregated in a separate fund, citing 5 U.S.C. § 8334).

4. Wentland's brief states that his pension "payment is derived from appellant's contributions during the course of his employment totalling $29,702.00 and contributions from the employer in like amount."