Frank E. **BELMONT**, Appellant,

v.

**STATE of Alaska, DEPARTMENT OF LABOR,** Appellee.

No. S–1821.

Supreme Court of Alaska.

Nov. 6, 1987.

---

Frank E. Belmont, Kingman, Ariz., for appellant.

Paul S. Stahl, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

Frank Belmont appeals from a superior court judgment affirming on appeal a decision of the Commissioner of Labor. The Commissioner had upheld a decision by the Employment Security Division's Appeal Tribunal, to reduce Belmont's weekly unemployment insurance benefit by the amount of his Teamsters Local 959 pension, pursuant to Alaska Statute 23.20.362. We affirm.

Belmont worked as a Teamster for a sufficient number of years to have earned upon retirement a monthly pension of $781.76. Following his retirement in July 1985, Belmont applied for unemployment insurance benefits. Alaska Statute 23.20.-362 requires that unemployment insurance benefits be reduced by the amount of any pension which he simultaneously receives, insofar as those pension benefits are attributable to employer contributions. The Department determined that Belmont was allowed a maximum weekly unemployment insurance benefit of $188. The Department further determined that Belmont was receiving a Teamster pension of $781.76 per month, and that the entire amount of this pension was attributable to his employer's contributions. The Department prorated the pension to a weekly basis of $180 and deducted it from the allowable weekly unemployment insurance benefit of $188, resulting in a reduced weekly benefit of $8.

Belmont's principal argument is that the entire amount of his Teamsters pension is not attributable to his employer, because his employer contributed the funds to the union trust fund pursuant to direction from employees under a collective bargaining agreement. The definition of a pension benefit attributable to the employer is a question of statutory construction that we review de novo. *Wentland v. Employment Security Division*, 671 P.2d 1285, 1286 n. 2 (Alaska 1983) (per curiam).

Alaska Statute 23.20.362 provides in part:

Disqualifying or deductible income.

(a) The amount of benefits payable to an insured worker for a week of unemployment which begins in a period for which the insured worker receives a pension, retirement or retired pay, annuity, or similar periodic payment that is based on

the previous work of the insured worker, shall be reduced by the amount of the payment that is attributable to that week....

(b) The reduction of benefits provided in (a) of this section does not apply to that part, if any, of a pension, retirement or retired pay, annuity, or similar periodic payment that is attributable to contributions of the insured worker.

The Department asserts that our interpretation of AS 23.20.362 in *Wentland v. Employment Security Division* affirmed the denial of unemployment benefits under similar circumstances. The Department's reading of *Wentland* is not entirely on point, for there the employee conceded that the pension payment was in part derived from his employer's contributions. 671 P.2d at 1286. In this case, Belmont argues that his employer's contributions were wholly derived from amounts otherwise due to employees under the collective bargaining agreement, and that the amounts were contributed at the direction of the employees.

Belmont's argument is based on the following grounds. The local negotiates with the employers' association for a specific salary for employees. Once an agreement is reached, the agreement is taken to the union membership for ratification. Once the agreement is ratified, the union asks the membership to determine the amounts to be placed in various funds, including the pension fund. When the amounts are determined, the union takes these instructions to the employers, who make contributions to the pension fund in the requested amounts pursuant to the collective bargaining agreement.

Belmont points to letters from the Teamsters Local 959 to Pan Alaska Trucking and Mammoth of Alaska which advise these two employers that their employees decided to increase the contribution rate as outlined in the collective bargaining agreement by one dollar per hour, and to reduce the wage scales under the agreement by one dollar per hour. Belmont contends that these letters demonstrate that the amounts contributed by employers actually find their source in the employees' wages.

Belmont also relies on the appeal tribunal's decision in *In re Alex Wiater*, Docket No. 84 UI–0094 (March 19, 1984). There the appeal tribunal held that because the pension fund contributions derive their source from funds which would otherwise go to the employee, the contributions must be considered to be attributable to the employee, and therefore the pension should not offset the employee's unemployment insurance benefits. Belmont fails to note, however, that this decision was reversed by the Commissioner. The Commissioner relied upon the retirement fund booklet which provided:

This plan is funded by your Employer's contributions. The hourly rate of your Employer's contribution is determined by a collective bargaining agreement.... You are not required or permitted to contribute to the Plan.

The Commissioner explained that were it not for the specific wording of the Plan's booklet, he would have affirmed the appeal tribunal, because the monies paid into the Plan by the employer may well have been monies which belong to the insured worker due to the way the monies were negotiated and determined. The Commissioner concluded that if this were so, then the pension plan should reflect this as a fact, and in the absence of such a provision, he was bound to hold that the pension was funded one hundred percent by the employer.

In this case the Alaska Teamster–Employer Pension Trust handbook contains a provision entitled "Contributions," which states: "This Plan is financed by contributions made in accordance with collective bargaining agreements between the union and contributing employers." The handbook also contains a provision "Source of Contributions," which states: "This Plan is funded through employer contributions, the amount of which is specified in the Collective Bargaining Agreements. Contributions by employees are not required nor are they permitted." The appeal tribunal considered these provisions in relation to Belmont's argument and, relying on the Com-

missioner's decision in *In re Wiater*, it concluded that "[t]hough Mr. Belmont raises a question about the origin of his pension contributions, the wording of his union's documents ... indicates that his pension plan is funded solely by employer contributions."

This decision is correct. The statute does not make a distinction for amounts contributed as pension plan payments pursuant to a collective bargaining agreement. Rather, the statute simply states that the requirements of AS 23.20.362(a) apply if "(1) the pension, retirement or retired pay, annuity, or similar periodic payment is provided under a plan maintained or contributed to by an employer of the insured worker...." There is no question that Belmont's employer made the contributions to the pension plan. Therefore, under a straightforward application of AS 23.20.-362, we conclude that the Commissioner and the superior court correctly held that Belmont's weekly unemployment insurance benefits be reduced by the amount attributable to his pension plan payments.

AFFIRMED.