493 P.2d 614

**Robert L. TOWNSEND, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION of Utah, Defendant.**

**No. 12434.**

Supreme Court of Utah.

Jan. 26, 1972.

Salt Lake County Bar Legal Services, Robert Felton, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Fred Dremman, Asst. Atty. Gen., Edgar Denny, Salt Lake City, for defendant.

CALLISTER, Chief Justice:

Claimant seeks review of an order of the Board of Review of the Industrial Commission affirming the decision of the Appeals Referee denying claimant unemployment benefits.

The appeals referee found that claimant was attending an established school and was not eligible for benefits unless he came within one of the statutory exemptions· as provided in § 35–4–5(g), U.C.A.

1953. Claimant had neither earned the major portion of his base period wages while attending school nor was he attending a night school; so he did not qualify for these exemptions. Claimant was registered as a full-time student, carrying 16 quarter hours for credit at the University of Utah, aiming for a B.S. degree in Management, and he, therefore, did not qualify under a part-time training course exemption. Finally claimant's course of study had not been approved by the Department, the only other exemption available under the statute. The referee ascribed as reasons for lack of departmental approval, the length of the needed study and the course was in pursuit of an academic degree rather than for a trade. The referee cited a departmental regulation that courses for an academic degree do not qualify for approval; he concluded that such a regulation does not appear unreasonable; and, therefore, claimant had failed to meet the exemptions of the law.

Section 35–4–5, U.C.A., 1953, as amended 1963, provides:

An individual shall be ineligible for benefits or for purposes of establishing a waiting period:

\* \* \* \* \* \*

(g) For any week in which he is registered at and attending an established school . . . unless the major portion of his wages for insured work during his base period was for services per-

formed while attending school, provided, however, that notwithstanding the provisions of this subsection an otherwise eligible individual shall not be ineligible to receive benefits while attending night school, a part-time training course, or a course approved by the commission; and provided further that satisfactory attendance and satisfactory progress in the course approved by the commission shall be evidence of availability.[1]

Claimant asserts that the regulations promulgated pursuant to this statute concerning courses approved by the Commission are beyond the scope and inconsistent with the statute. Claimant cites specifically provisions contained in the Employment Security Manual of the Department of Employment Security, § 5406, Part V, wherein it is provided:

It is, however, considered that the statutory provision to allow benefits while a claimant is in attendance at a training course approved by the commission is of extreme importance. It can be used as an additional tool to assist unemployed workers to secure the skills necessary to become re-employed. When considering whether a course of training should be recommended for approval, the stress should be placed on vocational type courses (i.e., skill training which may as-

sure a job for the trainee) as opposed to academic type schooling which will result in a desired degree.

The key to consider before commission approval can be granted is "to improve the employability of an unemployed worker" who is in need of training or retraining.

Claimant contends that the quoted regulation of the Commission · construed the statutory provision so as to exclude from unemployment benefits a claimant who is pursuing any course of study toward an "academic" degree. He urges that § 35–4–5(g) does not draw a distinction between vocational and academic activity. Claimant contends that an academic degree in Business Administration would have made him more qualified for remunerative employment, an intended goal of the statute; and, therefore, the regulation should be declared invalid on the grounds that the regulation went beyond both the plain terms and intended goals of the statute.

 The exemption of § 35–4–5(g) applies to individuals attending night school, a part-time training course, or a course approved by the commission. Under the rule of ejusdem generis, when general words or terms follow specific ones, the general must be understood as applying to things of the same kind as the specific.[2]

1. Subsection g was amended in 1971, Ch. 78, § 4.

2. W. S. Hatch Co. v. Public Serv. Comm., 3 Utah 2d 7, 11, 277 P.2d 809 (1954).

The course approved by the commission must be of the same type as would be provided in a night school or other part-time training program; there appears a legislative intent that the exemption be extended only to those involved in a short-term, specific-skill type of course. The regulations of the commission fully comport with this objective.

■ To assure that only individuals, who are unemployed because of lack of suitable job opportunities, receive benefits, this state requires that one must be available for work. The Employment Security Act was designed to check and ameliorate the effects of unemployment among workers who are able, willing and ready to work.[3] The legislature has deemed a person in attendance at an established school as an individual not available to work; however, satisfactory attendance and progress in a course approved by the commission shall be evidence of availability. The line of demarcation emerges in the form of a legislative acknowledgment that certain individuals are so lacking in basic skills that their unemployment is more attributable to lack of training rather than general economic conditions. The Commission was empowered to approve courses for specific individuals to enable them to attain a level where there are realistic employment opportunities. This was not a carte blanche grant to enable persons to pursue a general educational program, which allegedly would increase both economic and employment opportunities.

■ In the instant review, claimant was an experienced salesman, who urged that an academic degree in Business Administration would qualify him for a managerial position. This overall level of attainment, however, exceeds the "specific course" exception of § 35-4-5(g). The Board of Review did not err in its denial of unemployment benefits to claimant.

■ Claimant further asserts that he was denied equal protection of the law as guaranteed by the Fourteenth Amendment of the Constitution of the United States. He contends that the sole basis upon which he was denied unemployment benefits was the academic nature of his course, and that this classification which permits benefits to those engaged in vocational courses and denies him is constitutionally impermissible.

In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical

3. Gocke v. Wiesley, 18 Utah 2d 245, 249, 250, 420 P.2d 44 (1966).

nicety or because in practice it results in some inequality." [Citation] "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific," [Citation] "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." [Citation]

\*　　\*　　\*　　\*　　\*　　\*

.　.　. But the Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. [Citation] It is enough that the State's action be rationally based and free from invidious discrimination . . . .[4]

The legislative determination that a person enrolled in a short-term, specific skill course is available for work and eligible for unemployment benefits provides a rational basis to distinguish this class from those engaged in the pursuit of a general educational course provided by "an established school."

The decision of the Board of Review is affirmed. No costs awarded.

TUCKETT, HENRIOD, ELLETT, and CROCKETT, JJ., concur.

4. Dandridge v. Williams, 397 U.S. 471, 485, 486–487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970).