509 P.2d 355

**Arthur D. COLEMAN, Plaintiff,**

**v.**

**DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, Defendant.**

**No. 12947.**

Supreme Court of Utah.

April 19, 1973.

Arthur D. Coleman, pro. sc.

Vernon B. Romney, Atty. Gen., Edgar M. Denny, Asst. Atty. Gen., Salt Lake City, for defendant.

HENRIOD, Justice.

Review of a decision of the Industrial Commission through its Board of Review, under the Employment Security Act (Title 35-4, Utah Code Annotated 1953), denying unemployment compensation to petitioner Coleman, who had filed a claim therefor under Sec. 35-4-3(b) of the Act. Affirmed.

The only substantial issue here is whether the section constitutionally discriminates against a class,—the elder citizens,—where

the section requires a deduction from benefits otherwise payable, of 50 per cent of any amount received by a claimant under a former employer-employee plan where both contribute to a retirement fund. In this case the employer contributed ⅗ to the fund and the petitioner, employee, ⅖. Petitioner is past 65.

Petitioner's main thrust is that older persons are in a lower income bracket and consequently any pension or retirement income inuring to his benefit would tend to affect unemployment benefits to a greater extent than others better paid. Also in rather general way he questions the validity of the statute on the grounds it is against public policy to permit such a deduction, and that anyway, such retirement amounts are the return from a private investment,—which idea has been rejected.[1]

Statutes of other states which are substantially the same as ours generally have been approved on grounds 1) that the amounts received under such plans, though not wages, amount to compensation for loss of wages within the letter and spirit of the well-known and similar language of such legislation;[2] 2) that where the contributions to the fund have been made either entirely by the employer or employee they

may be offset against unemployment benefits, and that they are deductible whether the statute provided 100 per cent deductibility or 50 per cent as in Utah;[3] 4) that such deductions are not constitutionally offensive to equal protection.[4]

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., concurs in the result.

1. Yeager v. Unemp. Comp. Bd., 196 Pa. Super. 162, 173 A.2d 802 (1961).

2. 32 A.L.R.2d 896 (1952); Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970); Title 35-4-3 U.C.A.1953.

3. Ibid.

4. Rogers v. Dist. Unemp. Comp. Bd., 290 A.2d 586, (D.C.App.1972); Townsend v. Bd. of Rev., 27 Utah 2d 94, 493 P.2d 614 (1972).