John P. WHITCOME, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SE-
CURITY, INDUSTRIAL COMMISSION
of Utah, Defendant.

No. 14736.

Supreme Court of Utah.

April 27, 1977.

Gary N. Anderson, of Hillyard & Gunnell, Logan, for plaintiff.

Vernon B. Romney, Atty. Gen., Floyd G. Astin, Gen. Counsel, Utah Dept. of Empl. Security, Winston Faux, Contribution Specialist, Legal Affairs, Salt Lake City, for defendant.

HALL, Justice.

This matter is here on review of a decision of the Industrial Commission denying unemployment benefits under the Employment Security Act.

Plaintiff is a management employee of Valley Roofing Company, a corporation owned by himself and his wife who serves as President of the corporation. He initiated a claim for benefits on November 1, 1974, for extended benefits on March 23, 1975, was approved for both and was awarded $93 per week.

Plaintiff was entitled to benefits if not ineligible or disqualified by reason of one of the provisions set forth in the Act[1] or one of the regulations adopted pursuant thereto.

During certain weeks in April and May, 1975, plaintiff filed claims for benefits certifying on each that he had worked no hours and had no earnings. The Industrial Commission found that he in fact performed work and had earnings during the periods in question, knowingly failed to so report, and thus obtained benefits to which he was not entitled. It then disqualified him from receiving benefits and assessed him with an overpayment of $837. In reaching its determination, the Commission relied upon Form 625–A, Request for Employment and Separation Information, which was submitted by Valley Roofing Company as employer, signed by its President. It reflected plaintiff started work on

---

1. Section 35–4–5, U.C.A.1953 provides in part: "An individual shall be ineligible for benefits or for purposes of establishing a waiting period:

. . .

(e) For the week with respect to which he had willfully made a false statement or representation or knowingly failed to report a material fact to obtain any benefit under the provisions of this act, and for the 51–week period immediately following and until he has repaid to the fund all moneys he received by reason of his fraud and which he received during such following 51–week disqualifica-

tion period, provided that determinations under this subsection shall be made only upon a sworn written admission, or after due notice and recorded hearing; provided that when a claimant waives the recorded hearing a determination shall be made based upon all of the facts which the commission, exercising due diligence, has been able to obtain; and provided further that such determination shall be appealable in the manner provided by this act for appeals from other benefit determinations."

April 1, 1975, and had earnings of $2,400 for each of the second and third quarters of 1975. Also, plaintiff stated he had started work on or about April 1, 1975, had received $100 sometime in April, which he did not report, and received the further sum of $200 later in May. Neither Valley Roofing Company nor plaintiff have any records to establish the specific days worked. Consequently, the Commission averaged the total quarterly earnings over the number of weeks contained therein.

Plaintiff asserts the findings of the Commission are not supported by the evidence and hence this review.

Section 35–4–10(i), Utah Code Annotated 1953, governs the scope of our review and it provides in part:

> In any judicial proceeding under this section the findings of the commission and the board of review as to the facts if supported by evidence shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

This Court has on many occasions been called upon to review the findings of the Commission and has consistently held that if there is substantial, competent evidence to support the findings it shall not set aside the decision.[2]

Viewing the record in the light of the foregoing rules, the same is clearly adequate to support the determination made by the Commission. Plaintiff, a responsible management employee of Valley Roofing Company, acknowledged in writing on at least two forms filed with the Commission that he started work on April 1, 1975 and that he had unreported wages during the time unemployment benefits were received. When confronted with those facts he chose to explain them away as merely an error in dates of employment and that the sums received were either "advances" on future work to be done or that he removed himself from the unemployment rolls for one week

in May when the second $200 was received. The Commission declined to accept this explanation particularly in view of the fact that neither plaintiff nor his employer, Valley Roofing Company, had any records at all to verify dates of employment, jobs worked or payments made by third persons for roofing services.

No such records are available because of the very minimal bookkeeping practices of Valley Roofing Company which consisted of a practice of paying workmen in cash rather than by payroll check, then at the end of the quarter a check would be made for that whole period, for record purposes only, which would be endorsed back to the employer without being cashed. Such is contrary to the statutory requirements imposed on employers [3] which requires the keeping of true and accurate work records open to inspection and available to the Commission at any reasonable time.

Plaintiff maintains that since there are no records available to verify employment dates or wages paid that the Commission failed in its burden of proof. With this we cannot agree. First of all, the records signed and filed by plaintiff himself are available and just because he now says they are in error does not make it so. It is readily apparent that if all an employer or employee need do to defeat the legitimate objects of the unemployment compensation statute is to keep inaccurate, sketchy or no records at all, then utter chaos would result.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

MAUGHAN, J., dissents.

---

2. *Members of Iron Workers' Union of Provo v. Industrial Commission,* 104 Utah 242, 139 P.2d 208; *Kennecott Copper Corporation Employees v. Department of Employment Security,* 13 Utah 2d 262, 372 P.2d 987; *Rustler Lodge v.*

*Industrial Commission* (Utah 1977) 562 P.2d 227.

3. Section 35–4–11(g), U.C.A.1953.