David A. WHITCOME, Plaintiff,

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, INDUSTRIAL COMMISSION of Utah, Defendant.**

No. 14735.

Supreme Court of Utah.

May 18, 1977.

---

1. *Gibb v. Dorius,* Utah, 533 P.2d 299, 302 (1975).

Gary N. Anderson, of Hillyard & Gunnell, Logan, for plaintiff.

Vernon B. Romney, Atty. Gen., Floyd G. Astin, Asst. Atty. Gen., Winston Faux, Special Asst. Atty. Gen., Salt Lake City, for defendant.

ELLETT, Chief Justice:

The plaintiff appeals from a decision for the defendant wherein he was adjudged to have filed false claims and received money for unemployment benefits to which he was not entitled.

He was entitled to receive unemployment benefits in the amount of $93.00 per week for the calendar weeks ending April 5, 12, 19, 26, May 3, and 10, 1975, if not employed during those periods. He filed weekly reports claiming the benefits and reporting that he performed no work during the period in question. The statute [1] that applies to the filing of a false claim reads as follows:

An individual shall be ineligible for benefits or for purposes of establishing a waiting period:

\* \* \* \* \* \*

(e) For the week with respect to which he had willfully made a false statement or representation or knowingly failed to report a material fact to obtain any benefit under the provisions of this act, and for the 51-week period immediately following and until he has repaid to the fund all moneys he received by reason of his fraud and which he received during such following 51-week disqualification period, provided that determinations under this subsection shall be made only upon a sworn written admission, or after due notice and recorded hearing; provided that when a claimant waives the recorded hearing a determination shall be made based upon all of the facts which the commission, exercising due diligence, has been able to obtain; and provided further that such determination shall be appealable in the manner provided by this act for appeals from other benefit determinations.

It should be noted that one known false statement or known failure to report a material fact to obtain a benefit is sufficient to invoke this section of the Act and that the 52-week disqualification then takes

1. 35–4–5, U.C.A.1953, as amended.

effect and weekly benefits thereafter received within the disqualification period although pursuant to submission of perfectly honest weekly claim forms are overpayments and must be repaid to the Department.

The Hearings Representative of the Department of Employment Security determined that plaintiff knowingly failed to report a material fact regarding hours worked and/or money earned to obtain weekly benefits to which he was not entitled. This decision was affirmed by the Appeals Referee and the decision of the Appeals Referee was affirmed by the Board of Review. The plaintiff has been disqualified and is, therefore, not eligible for benefits unless this Court determines that the decision of the Board of Review is invalid. The only question as to its validity raised by plaintiff in this appeal is whether the findings of the Commission and the Board of Review as to the facts are supported by the evidence.

The statute that provides for a review of orders made by the Commission provides as follows:

> . . . In any judicial proceeding under this section the findings of the commission and the board of review as to the facts if supported by evidence shall be conclusive and the jurisdiction of said court shall be confined to questions of law. . . .[2]

█ This Court has consistently held that where the findings of the Commission and the Board of Review are supported by competent evidence, they will not be disturbed. In the case of *Kennecott Copper Corp. v. Dept. of Employment Security*[3] this Court held:

> We are obliged to analyze this determination in accordance with the established rules of review: that the evidence is to be looked at in the light most favorable to the findings; and in so doing, if there is evidence of any substance whatever which can reasonably be regarded as sup-

porting the determination made, it must be affirmed; and conversely, a reversal and the compelling of such an award could be justified only if there was no substantial evidence to sustain the determination and there was proof of facts giving rise to the right of compensation so clear and persuasive that the Commission's refusal to accept it and make an award was clearly capricious, arbitrary and unreasonable.[4]

█ The plaintiff admits that on November 10, 1975, he filed with the defendant a claim wherein he stated that he began work on April 1, 1975. His immediate supervisor completed Form 625, a Request for Employment and Separation Information, wherein it was stated that the plaintiff was hired as of April 1, 1975, and the form was signed by the President of Valley Roofing, Inc. for whom he worked. This form was filled out and filed with the defendant before any question was raised about a false claim having been made.

The plaintiff testified at the hearing before the defendant Commission and contends that he simply made an error; that he really began work on May 11, 1975; and that there was merely an honest mistake of dates. There is an unusual amount of earnings made during the seven weeks from May 11 to June 30, 1975, when the second quarter ended. For these seven weeks, the plaintiff was paid the sum of $2,400, or an average salary of $342.86 per week. During the entire third quarter consisting of thirteen weeks, he earned only $1,201, or an average weekly salary of $92.38. If the plaintiff had earned the $2,400 during the second quarter by working the full thirteen weeks as he reported on November 10, 1975, his average weekly earnings would have been only $184.61.

In weighing the evidence the Commission would be justified in believing that the plaintiff began work on April 1 as he subsequently stated, and this belief would be strengthened by considering the great dis-

---

parity in his earnings per week as he now claims between the second quarter and the third quarter of the year.

Neither the plaintiff nor his employer kept records that would show how and when he worked or was paid. There is nothing in this case that indicates the actions of the defendant were capricious, arbitrary, or unreasonable.

The ruling of the defendant Commission is therefore affirmed.[5] No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting).

For the following reasons, I dissent. It is my view there is no evidence to support the method chosen by the Commission to achieve its end. When the Commission averaged the total sum over the number of weeks involved, it dealt in pure speculation. It was a convenient way to achieve the result. It was also arbitrary and capricious.

[The foregoing is the basis for my dissent in *John P. Whitcome v. Dept. of Employment Security*, Utah, 563 P.2d 807, Supreme Court No. 14736.]

---

5. See companion case *John P. Whitcome v. Dept. of Employment Security, Industrial Commission of Utah*, Utah, 563 P.2d 807, No. 14736 decided April 27, 1977.