Margaret S. MINEÉR, Plaintiff,

v.

The BOARD OF REVIEW OF the INDUSTRIAL COMMISSION of Utah, Defendant.

Robert W. ROSKELLEY, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.

Nos. 14696 and 14728.

Supreme Court of Utah.

Dec. 12, 1977.

---

Michael D. Shepard of Salt Lake County Bar Legal Services, Salt Lake City, James R. Hasenyager of Utah Legal Services, Inc., Ogden, for plaintiffs.

Robert B. Hansen, Atty. Gen., Floyd G. Astin, Sp. Asst. Atty. Gen., Salt Lake City, for defendants.

HALL, Justice:

This is a review of two cases involving identical issues. The Industrial Commission found that both plaintiffs violated U.C.A. 1953, 35–4–5(e), by knowingly failing to report work and earnings during times they claimed to be unemployed and without earnings. Pursuant to said statute the commission assessed a 52-week disqualification period against them and required the repayment of benefits of $1,640 and $1,674 respectively paid to them.

Plaintiffs challenge the findings of the commission, asserting that 1) they are not supported by the evidence, 2) that the 52-week disqualification period has been improperly applied, and 3) that the penalty provisions of the statute violate substantive due process and deny equal protection.

The first assignment of error is generally contained in all reviews and this Court has consequently addressed it many times.[1] The rule is that if there is substantial, competent evidence to support the findings they are conclusive and shall not be disturbed. The many cases so holding are

---

1. *Whitcome v. Department of Employment Security*, Utah, 563 P.2d 807 (1977), citing a number of prior cases.

consistent with the statutory provisions[2] which limit our review to questions of law.

 Plaintiffs' contention that the evidence fails to support a finding of fraud is without merit. The intention to defraud is shown by the claims themselves which contain false statements and fail to set forth material facts required by statute.[3] The filing of such claims evidences a purpose or willingness to present a false claim in order to obtain unlawful benefits and hence are manifestations of intent to defraud.[4]

In regard to the second assignment of error, plaintiffs make reference to *Decker v. Industrial Commission*[5] and, without distinguishing it, merely assert it has no application here.

In the recent case of *Diprizio v. Industrial Commission*[6] we reaffirmed the following language set forth in *Decker:*

Plaintiff also complains that the deprivation of 52 weeks of benefits is a severe penalty. With this we are inclined to agree. However, under the statute it does not appear that the fact finder or this court has the discretion to reduce or to forgive any part of the penalty. . .

In *Diprizio,* supra, we further stated:
Neither the Commission nor this Court can change a statute that is as clear and unambiguous as the one cited above.

 Plaintiffs urge the Court to place a new interpretation on the statutory disqualification period giving it a prospective rather than a retroactive application as made heretofore. Since the fraud was not detected until after the 52-week period had ex-

pired, the effect of such an interpretation would be to relieve plaintiffs of the obligation to repay the sums unlawfully received. The clear, unambiguous language of the statute precludes such an interpretation. The pertinent portion of Section 35–4–5(e) reads as follows:

[False Statements—Hearing and Determination—Appeal.]

(e) *For the week with respect to which he had willfully made a false statement or representation* or knowingly failed to report a material fact to obtain any benefit under the provisions of this act, and for the 51-week period immediately following and until he has repaid to the fund all moneys he received by reason of his fraud and which he received during such following 51-week disqualification period, . . . [Emphasis added.]

 Turning now to plaintiffs' assertion of unconstitutionality, it must be noted that the purpose of the unemployment compensation act is remedial, to protect the health, morals and welfare of the people by providing benefits during periods of unemployment[7] and of necessity to deter and punish violations thereof. If the act operates equally and affords freedom from arbitrary action it satisfies the requirements of substantive due process.[8] Due process may be characterized as a standard of reasonableness.[9]

 The reasonableness of the act's provisions is obvious. They require repayment of funds received by reason of fraud, either by cash or by offset of valid claims filed after the expiration of the 52-week disqual-

**2.** U.C.A.1953, 35–4–10(i).

**3.** U.C.A.1953, 35–4–5(e).

**4.** *State v. Barr,* 63 Idaho 59, 117 P.2d 282 (1941).

**5.** Utah, 533 P.2d 898 (1975).

**6.** Utah, 572 P.2d 679, No. 14698, decided November 11, 1977.

**7.** *Singer Sewing Machine Co. v. Industrial Comm.,* 104 Utah 175, 134 P.2d 479 (1943).

**8.** Article I., Secs. 2, 7, Constitution of Utah; 16 Am.Jur.2d Constitutional Law, Sec. 550.

**9.** In the *Matter of Lutker,* Okl.Cr., 274 P.2d 786 (1954).

ification period. Also, the provisions have a real and substantial relation to the object and purpose of the act.

Plaintiffs' complaint that they are subjected to a "dual" penalty, i. e., a disqualification period of 52 weeks, plus repayment of funds received during said period is of no significance. It is a specious argument which says in effect "you should have detected our fraud earlier so that we would not have to repay so much."

The fact that the act may, in certain circumstances, work a hardship does not violate due process so long as it operates without discrimination and similarly against all persons of a class.[10]

■ The contention of a denial of equal protection is based on the proposition that the act creates two classes of persons subject to the penalty period, those who did receive benefits during the disqualification period and those who did not. Both are of course subject to the penalty provisions but only the former has any repayment obligation.

This Court considered an equal protection challenge to the Utah Employment Security Act[11] and adopted the rule laid down in *Dandridge v. Williams*[12] as follows:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' [Citation] 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific,' [Citation] 'A statutory discrimination will not be set aside if any

state of facts reasonably may be conceived to justify it.' [Citation]

\* \* \* \* \* \*

. . . But the Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. [Citation] It is enough that the State's action be rationally based and free from invidious discrimination. . .

The classification plaintiffs' contend exists clearly is not violative of the foregoing rule. It is perfectly reasonable and logical to require those who receive unlawful benefits to repay them and those who receive no such benefits are not so obligated.

The decision is affirmed. No costs awarded.

ELLETT, C. J., and WILKINS, J., concur.

CROCKETT, Justice (concurring with comments):

I concur in the result under the assumption that the Commission regularly pursued its authority in finding the facts as recited and applying the penalty provided by the statute, which I agree is constitutional. The majority opinion is in accord with *Diprizio v. Industrial Commission*, Utah, 572 P.2d 679, No. 14698, November 11, 1977, which I defer to as the present law of this State. But for whatever purpose it may serve, judicially or legislatively, I reaffirm briefly my views stated in the dissent therein.

There are two fundamental propositions which I think should be controlling: The Industrial Commission is charged with the responsibility of (1), carrying out the purposes of the Act; and (2), of exercising judicial functions. The best way, in fact

---

10. *Wickard v. Filburn*, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942).

11. *Townsend v. Board of Review of Industrial Comm.*, 27 Utah 2d 94, 493 P.2d 614 (1972).

12. 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

the only way, the Commission can effectively discharge those responsibilities is by not being placed in a straight jacket and rigidly bound to impose only the maximum penalties. It should be able to regard them as maximums, comparable to other penalties prescribed by law; and should have discretion to impose the stated penalties in such manner as the ends of justice to the individuals involved, and the fulfillment of the purposes of the Unemployment Compensation Act may require.

MAUGHAN, Justice (dissenting):

For the reasons stated in Mr. Justice Crockett's dissenting opinion in *Diprizio v. Industrial Commission*, Utah, 572 P.2d 679, No. 14698, November 11, 1977, I dissent.