**Marvin L. HURD, Petitioner,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Respondents.**

**No. 17395.**

Supreme Court of Utah.

Nov. 20, 1981.

Marvin Lorenzo Hurd, pro se.

David L. Wilkinson, Floyd G. Astin, K. Allan Zabel, Salt Lake City, for respondents.

STEWART, Justice:

This action is here on a writ of review filed by petitioner pursuant to U.C.A., 1953, § 35–4–10 to review an order of the Board of Review of the Industrial Commission denying petitioner's claim for unemployment compensation benefits for the period commencing July 20, 1980 and ending August 30, 1980. We affirm.

The Department of Employment Security denied benefits under the Utah Employment Security Act on the ground that during the 30 days prior to July 20, 1980 the petitioner had contacted only three businesses for the purpose of obtaining employment. On appeal, the Appeal Referee affirmed the denial of benefits for the period stated on the ground that the petitioner was not "available for work" as required by § 35–4–4(c) because his efforts to find work were "infrequent and sporadic." In support of this conclusion, the referee found that the claimant had averaged less than one employer contact per week which indicated a "passive search for work ..." However, the Appeal Referee found that subsequent to August 31, 1980, the claimant made a reasonable effort to become employed, and benefits were restored as of that date "so long as the claimant continues in his efforts to find work and continues an active search for work each week."

Petitioner then took an appeal to the Board of Review of the Industrial Commission which affirmed the decision of the Appeal Referee and adopted the findings of fact and conclusions of law of the Appeal Referee. On the appeal to the Board of Review, the petitioner submitted written evidence of additional contacts made to employers. He contended that although he could not recall exact dates, the contacts, according to his best recollection, included numerous telephone calls pursuant to want-ad listings as well as personal contacts. The Board of Review did not indicate its reason for refusing to consider petitioner's statement, although there is a suggestion in the record that the Department's instructions to claimants require a written record of contacts. In any event, there is no contention made on this appeal that the additional evidence was properly before the Board of Review, nor that the Board violated its rules of procedure in not considering evidence not submitted earlier.

The sole issue on this appeal is whether the Board of Review erred in finding that the petitioner was "not available for work" pursuant to § 35–4–4(c) of the Employment Security Act. The order was based on substantial, competent evidence. Accordingly, the order must be affirmed. *Whitcome v. Department of Employment Security, Industrial Commission*, Utah, 564 P.2d 1116 (1977); *Kennecott Copper Corp. v. Department of Employment Security*, 13 Utah 2d 262, 372 P.2d 987 (1962).

HALL, C. J., HOWE and OAKS, JJ., and CHRISTOFFERSEN, District Judge, concur.