**Lewis D. RICHARDSON, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 17897.

Supreme Court of Utah.

Nov. 24, 1982.

Lewis D. Richardson, pro se.

David L. Wilkinson, Floyd G. Astin, K. Allen Zabel, Salt Lake City, for defendant.

PER CURIAM:

Plaintiff is a retired federal civil service employee, with 34 years of credited service with the federal government. Subsequent to retiring from the federal service, plaintiff was employed part-time as a ski instructor, last working for Brighton Ski School until December 15, 1980. When he lost the job with Brighton Ski School, plaintiff submitted his application to the Depart-

ment of Employment Security ("department") for unemployment benefits. The department found that plaintiff was entitled to weekly benefits for a period of ten weeks, but reduced his benefits by 100% of the amounts which he was then receiving as retirement benefits, pursuant to U.C.A., 1953, § 35–4–3(b). This reduced plaintiff's unemployment benefits to zero.

Plaintiff began receiving payments from the Federal Civil Service Retirement System on or about January 27, 1980. The payments received by plaintiff from said Retirement System are not subject to federal income tax to the extent they are considered a return of plaintiff's contribution to his retirement fund, under applicable provisions of the Internal Revenue Code. At the department, plaintiff submitted proof that his receipts from the Civil Service Retirement System would not be taxable until July 15, 1981. U.C.A., 1953, § 35–4–3(b) provides, in part:

> [T]he "weekly benefit amount" of an individual who is receiving, or who is eligible to receive, retirement benefits by reason of his past performance of personal services shall be the "weekly benefit amount" which is computed pursuant to this section less 50% until April 1, 1980, at which time the deduction for retirement income shall be 100% (disregarding any fraction of $1) of his primary benefits which are attributable to a week.

In seeking a reversal of the decision of the department, plaintiff argues that his retirement benefits did not begin until July 15, 1981, and that until that time, plaintiff received only a return of his capital, which was neither "wages" nor new income.

On this basis, he contends that until July 15, 1981, he received only those amounts which he had been forced to save. He points out that other savings accounts are not deductible from unemployment benefits, and the statute requiring reduction of his unemployment benefits by the amounts received monthly from these savings, while disregarding other savings, constitutes discrimination and a denial of equal protection in violation of the Utah and U.S. Constitutions.

This Court has previously considered plaintiff's arguments and has found them to be without merit. *Coleman v. Department of Employment Security,* 29 Utah 2d 326, 509 P.2d 355 (1973). Unemployment compensation is designed to alleviate hardship to an employee and his family due to involuntary layoffs where the employee has no other means of meeting his expenses of living. In the same manner, retirement benefits enable the employee to meet these expenses.

Plaintiff's argument that his receipts are not income or wages is not persuasive. The statute does not speak in terms of wage or income receipts; rather, "retirement benefits" which are "received by reason of his past performance of personal services" are deductible under Section 35–4–3(b). The monthly payments payable to plaintiff from the Civil Service Retirement System meet this description, and are thus deductible from unemployment compensation under our statute.

Affirmed.