2013 UT App 79

# THE UTAH COURT OF APPEALS

HYKE A. HASRATIAN,

*Petitioner,*

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
WORKFORCE APPEALS BOARD AND NEW ROADS, LLC,

*Respondents.*

Memorandum Decision
No. 20111069-CA
Filed March 28, 2013

Original Proceeding in this Court

David J. Holdsworth, Attorney for Petitioner
Amanda B. McPeck, Attorney for Respondent Department of
Workforce Services, Workforce Appeals Board

JUDGE STEPHEN L. ROTH authored this Memorandum Decision,
in which JUDGES GREGORY K. ORME
and CAROLYN B. MCHUGH concurred.

ROTH, Judge:

¶1     Claimant Hyke A. Hasratian appeals a decision by the
Workforce Appeals Board (the Board) that he committed fraud by
receiving unemployment benefits to which he was not entitled and
should be assessed a fraud penalty. We decline to disturb the
Board's decision.

¶2     On Tuesday, January 18, 2011, Hasratian's employer
terminated his employment. That day was his last day of work. At
the end of that week, on Friday, January 21, Hasratian sent an

email to his employer, requesting six months of pay. The next week, on Monday, January 24, the employer responded, agreeing to pay Hasratian but only through the end of that week, Friday, January 28. That same day, after he had received the response from the employer, Hasratian opened a claim for unemployment benefits with the Department of Workforce Services (the Department). In the course of the application process, the Department asked Hasratian, "Have you received or are you entitled to receive . . . severance pay?" Hasratian answered, "No." Hasratian received waiting-week credit for that week ending on January 29, and then received payment for the following week ending February 5.[1]

¶3　Sometime before February 5, Hasratian received the Claimant Guide. The Claimant Guide defines "[s]everance pay," instructs the claimant about the obligation to report the receipt of severance pay, and explains how severance pay will be treated in the determination of benefits:

> [Severance pay is] a payment made by an employer that would not have been made except for the severance of the employment relationship. All vacation, holiday, severance or separation pay you have received or will receive must be reported to the [Department]. These types of payments are usually considered earnings. You will not be eligible for waiting-week credit or unemployment benefits for

---

[1]The Claimant Guide explains that claimants "will not be paid for the first eligible week claimed," which is referred to as the waiting-week. Rather, claimants "must file for th[at] week and meet all eligibility requirements in order to establish the claim and receive waiting week credit." The claimant will then receive the first payment for the following week that he or she is eligible for benefits.

weeks in which those payments equal or exceed your weekly benefit amount.

Hasratian concedes that after receiving and reading the Claimant Guide he knew that the wages he received through January 28 constituted severance pay. Yet, Hasratian took no further action with respect to the claim he had filed on January 24, which enabled him to receive waiting-week credit for the week of January 29 and payment for the week of February 5.

¶4     In considering whether Hasratian had received unemployment benefits to which he was not entitled, the Board concluded that the employer's agreement to pay Hasratian his wages through January 28 constituted severance pay. The Board further concluded that Hasratian committed fraud by failing to report his receipt of severance pay and assessed a fraud penalty against him. Hasratian now challenges the Board's conclusion that he committed fraud.[2]

¶5     In the context of unemployment insurance, "fraud is 'a willful misrepresentation or concealment of information for the purpose of obtaining unemployment benefits.'" *Smith v. Department of Workforce Servs.*, 2010 UT App 382, ¶ 9, 245 P.3d 758 (quoting Utah Admin. Code R994-406-401(2)). There are "three elements . . . [that] must be proved to establish an intentional misrepresentation sufficient to constitute fraud": materiality, knowledge, and willfulness. Utah Admin. Code R994-406-401(1). First, "[m]ateriality is established when a claimant makes false

---

[2]The benefit Hasratian received that he was not entitled to is the payment for the week of February 5. Had Hasratian reported his receipt of severance pay through January 29, his first week of eligibility would have been the week of February 5, so he would have received waiting-week credit for that week, and the first payment he received would have been for the following week.

statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled." *Id.* R994-406-401(1)(a)(i)(A). Second, to establish knowledge "[a] claimant must have known or should have known the information submitted to the Department was incorrect or that he or she failed to provide information required by the Department." *Id.* R994-406-401(1)(b); *see also id.* ("Knowledge can also be established when a claimant recklessly makes representations knowing he or she has insufficient information upon which to base such representations."). Further, "[a] claimant has an obligation to read material provided by the Department or to ask a Department representative if he or she has a question about what information to report." *Id.* Consequently, a claimant is held accountable for the information provided in the Claimant Guide. *Smith*, 2010 UT App 382, ¶ 11. Third, "[w]illfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." Utah Admin. Code R994-406-401(1)(c). "The absence of an admission or direct proof of intent to defraud does not prevent a finding of fraud" in the context of unemployment insurance. *Id.* R994-406-401(3); *Smith*, 2010 UT App 382, ¶ 9 ("An admission or direct proof of intent to defraud is not required."). Rather, "[t]he intention to defraud is shown by the claims themselves which contain false statements and fail to set forth material facts required . . . ." *Mineer v. Board of Review of Indus. Comm'n*, 572 P.2d 1364, 1366 (Utah 1977).

¶6      In reviewing a challenge to the Board's decision that a claimant committed fraud, we will not disrupt the Board's findings unless they are unsupported by substantial evidence, and we will not disturb its application of law to the factual findings unless the Board's determination "exceeds the bounds of reasonableness and rationality." *Smith*, 2010 UT App 382, ¶ 6 (citation and internal quotation marks omitted). On appeal, Hasratian does not challenge the Board's conclusion that the wages he received through January 28 constitute severance pay. Rather, he challenges only its conclusion that he committed fraud. In particular, Hasratian

challenges the knowledge element, arguing that at the time he submitted his claim for unemployment benefits he did not know that the employer's agreement to pay him through January 28 constituted severance pay. Hasratian explains that when he submitted his claim for unemployment benefits, he "knew he had asked the [e]mployer to pay him six months of severance pay." He also knew, at that time, that the employer had rejected the terms of his demand, but he also "knew that [the] employer had agreed to continue paying [his] wages through January 28." He explains that he "did not consider his employer's decision to do so to be payment of severance pay"; rather, he thought his employer's agreement to pay his wages for an additional week after his discharge "was a simple courtesy." According to Hasratian, he only realized that the employer's payment of his wages through January 28 constituted severance pay after reviewing the Claimant Guide, which he received sometime before February 5.

¶7     However, even if for the sake of argument we accept Hasratian's explanation that at the time he applied for unemployment benefits he did not realize that his employer's payment of wages after his employment ended amounted to severance pay, he was nevertheless required to notify the Department once he became aware that his response to the question about his receipt of severance pay was incorrect. His failure to do so once he became aware of his error satisfied the knowledge element of fraud because at that point he "[knew] or should have known the information submitted to the Department was incorrect." Utah Admin. Code R994-406-401(1)(b).

¶8     The Claimant Guide instructs claimants that they "are responsible for any inaccurate or incomplete information . . . provide[d]" and that they should contact the Department with any "questions about reporting . . . earnings." And specifically with regard to severance pay, the Claimant Guide provides that "[a]ll . . . severance or separation pay you have received or will receive must be reported to the [Department]." So even if Hasratian genuinely believed that his employer's agreement to pay him through

January 28 was not severance pay before he received the Claimant Guide,[3] he nonetheless had an obligation to report the receipt of those wages. And once he discovered that those wages did, in fact, amount to severance pay, he had an obligation to correct the misinformation he had earlier provided to the Department and on which the Department had relied in determining his eligibility to receive benefits. *See, e.g., Smith*, 2010 UT App 382, ¶¶ 2–3, 11–12 (concluding that by receiving and reading the Claimant Guide, a claimant had been charged with the knowledge that her receipt of a lump sum separation payment constituted severance pay that she was required to report to the Department, and her failure to report her receipt of severance pay was sufficient to prove that she had committed fraud).

¶9      Hasratian further argues that he lacked the requisite intent to commit fraud. However, "direct proof of intent to defraud is not required." *Id.* ¶ 9; *see also* Utah Admin. Code R994-406-401(3) ("The absence of an admission or direct proof of intent to defraud does not prevent a finding of fraud."). Rather, "[t]he intention to defraud is shown by the claims themselves which contain false statements and fail to set forth material facts required . . . ." *Mineer*, 572 P.2d at 1366. And instead the willfulness element is established "when a claimant files claims or other documents containing false statements, responses or deliberate omissions." Utah Admin. Code

---

[3]Although for the sake of argument we have accepted Hasratian's representation that when he initially submitted his claim he did not know that the wages he received through January 28 constituted severance pay, we do so with some skepticism. Hasratian himself has described his request that his employer pay him six months of wages as severance pay. And although the employer did not agree to pay Hasratian his wages for six months, it did agree to pay him his wages through January 28. So although the amount was considerably less than he had asked for, it seems that the nature of the payment was unchanged.

R994-406-401(1)(c). Because Hasratian submitted a claim containing a false statement regarding his receipt of severance pay and failed to correct it once he knew it was false, the willfulness element is established.

¶10    Finally, Hasratian's representation to the Department that he had not received severance pay is material. If Hasratian had provided accurate information about his receipt of severance pay or if he had corrected the inaccurate information once he became aware of his error, he would not have received waiting week credit for the week of January 29 and payment for the following week. *See id.* R994-406-401(1)(a)(i)(A) ("Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled."). Thus, materiality is established.

¶11    Accordingly, because all three elements of fraud are reasonably established based on the evidence, we decline to disturb the Board's decision.