**2013 UT App 260**

## THE UTAH COURT OF APPEALS

W. STEVEN EVERETT,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20130063-CA
Filed October 31, 2013

Original Proceeding in this Court

W. Steven Everett, Petitioner Pro Se
Amanda D. McPeck, Attorney for Respondent

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN and
JUDITH M. BILLINGS.[1]

PER CURIAM:

¶1     W. Steven Everett seeks review of the Workforce Appeals
Board's (the Board) decision denying him benefits and assessing a
statutory penalty against him for fraudulently obtaining
unemployment benefits.

¶2     In *Carbon County v. Workforce Appeals Board*, our supreme
court set forth the standard of review to be used in reviewing the
Board's decision concerning a person's request for unemployment
benefits. *See Carbon County v. Workforce Appeals Board*, 2013 UT 41,
¶ 7, 308 P.3d 477. Specifically, such a determination is reviewed as

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah Code Jud.
Admin. R. 11-201(6).

a mixed question of fact and law that is more fact-like because "the case 'does not lend itself to consistent resolution by a uniform body of appellate precedent.'" *Id.* (citation omitted). Accordingly, the Board's determinations are entitled to deference because "'the appellate court would be in an inferior position to review the "correctness" of the . . . decision.'" *Id.* (citation omitted). The Board's determination of fraud involves the same fact-like inquiry. Accordingly, the Board's determination of fraud is likewise entitled to deference.

¶3    A claimant for unemployment benefits is ineligible to receive benefits for any particular week in which the claimant obtains a benefit "by willfully making a false statement or representation or by knowingly failing to report a material fact." Utah Code Ann. § 35A-4-405(5)(a) (LexisNexis Supp. 2012). As a result, if a claimant obtains unemployment benefits based upon false information to which he was not entitled, the claimant must repay any amounts received. *See id.* § 35A-4-405(5)(c)(i). Further, the claimant must pay, as a civil penalty, an amount equal to the amounts received as a result of the fraud. *See id.*

¶4    The Department of Workforce Services's (the Department) rules state that "[f]raud requires a willful misrepresentation or concealment of information for the purpose of obtaining unemployment benefits." Utah Admin. Code R994-406-401(2). Thus, in order to establish fraud, the Department must establish materiality of the statement, knowledge, and willfulness. *See id.* R994-406-401(1). "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled." *Id.* R994-406-401(1)(a)(i)(A). Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect or that the claimant failed to provide required information. *See id.* R994-406-401(1)(b). Finally, "[w]illfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994-406-401(1)(c).

¶5 Here, the evidence supports the Board's findings and ultimate conclusions. During the two weeks in question, Everett obtained paid employment and worked for forty hours each of those weeks. However, in submitting his weekly claim for benefits, Everett answered "no" to the Department's question, "During the week, did you work or attend paid training?" Because these statements were false and were made for the purpose of obtaining benefits for which Everett was not eligible, they support findings of materiality and willfulness. Further, because Everett knew or should have known that his statements were false, the statements also support a finding of knowledge.

¶6 Everett argues that he did not commit fraud because upon obtaining his employment he contacted an employee of the Department. He explained to the employee that he had to go through testing during the first two weeks of his job, and that if he did not pass those tests, he would not be retained. Everett asserts that after being told this information, the employee told Everett to continue filing claims until his employment was secure. Everett contends that this is exactly what he did. However, the employee merely told him to continue submitting claims; he did not tell Everett how to answer the questions in submitting that claim or to include false information in his claim.[2]

¶7 Accordingly, we decline to disturb the Board's decision.

———————

2. Further, even if Everett believed that he was not going to get paid for the two-week probationary period if he was not retained, he was required to notify the Department once he became aware that his answers about being paid for those two weeks were incorrect. *See Hasratian v. Department of Workforce Services*, 2013 UT App 79, ¶ 7, 300 P.3d 324.