301 P.2d 1084

Max MARKUS, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah, and Kennecott Copper Corporation, Utah Copper Division, Defendants.

No. 8512.

Supreme Court of Utah.

Oct. 1, 1956.

Dahl & Sagers, Midvale, for plaintiff.

E. R. Callister, Atty. Gen., A. D. Moffat, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of an Industrial Commission award (under Title 35–1–66, Utah Code Annotated 1953) of 50 weeks compensation for a back injury sustained by petitioner while carrying rails for Kennecott Copper Co. Affirmed. No costs awarded.

The injured petitioner urges that the award 1) was unsupported by the evidence, 2) was inadequate and inequitable and 3)

was based on an erroneous interpretation and application of the section above mentioned.

The section in question enumerates the number of weeks compensation to which an injured employee specifically is entitled in some 35 various and different injuries, ranging from 200 weeks for loss of an arm at or near the shoulder, to 3 weeks for loss of a toe other than the great toe at the distal joint. It follows with a catch-all provision for injuries not specifically set out in the schedule, saying:

"For any other disfigurement or the loss of bodily function not otherwise provided for herein, such period of compensation as the commission shall deem equitable and in proportion as near as may be to compensation for specific loss set forth in the schedule in this section but not execeeding in any case two hundred weeks."

As to the contention that the award was not supported by the evidence, an examination of the record does not bear out such claim. Actually it could have supported a lesser amount, since petitioner's own physician rated him as having 15% to 25% loss of bodily function whereas the findings of the commission based on a Medical Advisory Board's report, rated him as having a straight 25% loss of bodily function.

■ As to the contention that the award was inadequate and inequitable, we helplessly are inclined to agree, since the $1,581 award is hardly adequate or equitable as a substitute for a 25% loss of bodily function on the part of anyone. Such an argument, however, necessarily must be addressed to the legislature, whose conclusions on these matters are not the subject of attack by us on either ground.

■ As to the contention that the commission misinterpreted the law, we cannot agree. The section gives the commission discretion in its rating of loss of bodily function, which we cannot disturb unless clearly arbitrary. When the legislature authorized awards for other disfigurements or losses of bodily function which are not scheduled in the act, it apparently had in mind awards of proportionate amounts for disfigurements or losses of bodily function of similar nature to those scheduled, such as an injury to an arm, short of amputation, the impairment of eyesight, short of blindness, and the like. In other words the "other disfigurement or loss of bodily function" for which a proportionate award can be made must have some relationship to the member of the body whose loss calls for a specific weekly award under the 35 types of injuries scheduled,—all 35 of which, except the loss of an eye, represent body appendages. Broderick v. Industrial Commission, 63 Utah 210, 224 P. 876, bears this out, where an award of 35 weeks was upheld for an injured, but unamputated leg, whose function was held by the commission to have been reduced by 25%, whereas, had the leg been amputated, the award would have been a mandatory 140 weeks under the schedule. It will be noted that the award in that case was 25% of the scheduled compensation for the leg had it been amputated, and it is significant that in the instant case the petitioner was awarded 25% of the maximum awardable for loss of bodily function, where he had a 25% loss of bodily function.

There are no scheduled injuries in the statute that have any relationship to an injured back or even any similarity thereto, so that the portion of the statute reading "in proportion as near as may be to compensation for specific loss as set forth in the schedule" reasonably cannot be applied in the instant case. The circumstance that the award mathematically is 25% of the maximum awardable here and that the loss of bodily function is also 25% cannot be said to establish that the commission acted arbitrarily, even though conceivably it could have arrived at a greater or lesser percentage of award as compared to the percentage of loss of bodily function. Nor is the fact that the petitioner may be vocationally or economically injured in ex-

cess of 25% a controlling factor since injury under the statute is compensable on a basis of percentage loss of bodily function and not on percentage of vocational or economic loss suffered. In many cases vocational or economic loss obviously far exceeds any maximum compensation provided for under the statute.

Silver King Coalition Mines Co. v. Industrial Comm., 92 Utah 511, 69 P.2d 608, so heavily relied on by petitioner, is distinguishable from this case, since it was a case where the percentage loss of bodily function approached a figure where the maximum compensation might be awardable on the basis of total permanent disability, provoking a discussion as to whether the petitioner was entitled to an award in an entirely different area of injury where compensation would be awardable for life. It is significant, however, that the award in that case, which was upheld, was arrived at by the very mathematical formula about which petitioner here complains,—140 weeks for a 70% permanent partial loss of bodily function, the maximum being 200 weeks.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.