407 P.2d 692

**Fred WILSTEAD, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah, The Independent Coal & Coke Company, a corporation, and Continental Casualty Company, a corporation, Defendants.**

**No. 10318.**

Supreme Court of Utah.

Nov. 15, 1965.

Frank B. Hanson, Price, for plaintiff.

Fabian & Clendenin, Dale E. Anderson, Salt Lake City, for defendants.

CROCKETT, Justice:

Plaintiff Fred Wilstead seeks review of an order of the Industrial Commission to have an award of Workmen's Compensation increased to give him at least one more year total disability than he received.

Plaintiff suffered an injury to his back while working in defendant's mine on February 10, 1960. He was on and off the job intermittently until distress with his back caused him to leave work on June 28, 1961. He was under the care of his doctors for about a year and a half until January 11, 1963 on which date they released him. They indicated that he could then return to work, but because of residual disability to his back, should do only "relatively sedentary types of work." He contends that he attempted to obtain such employment without success, and that because of his dis-

ability the defendant would not then give him his old job back. He remained unemployed for another year and a half, until July 13, 1964 when he was re-employed by the defendant in his former position.

Mr. Wilstead was awarded and received compensation for total disability at $44.50 per week from the time he left his work, June 28, 1961, until his doctors released him to return to work on January 11, 1963. Such plausibility as there is to his position exists because it was not until approximately a year later that on the basis of the report of the medical advisory board he was given his rating of 20% loss of bodily function. For this residual injury, pursuant to Sec. 35-1-66, U.C.A.1953 which lists amounts for specific injuries and provides that for other unlisted injuries, the Commission shall provide such period of compensation as it "shall deem equitable in proportion to the specific losses covered," he was given an additional award of 40 weeks at $44.50 per week, a total of $1,700.[1] He makes no complaint about the latter award.

The position plaintiff essays is that instead of the award for total disability for approximately 18 months which he received, he should have had total disability for at least an additional year, that is, until the medical advisory board gave him his rating of permanent partial disability, or, alternatively, until he was re-employed in his former job.

■ To accept the proposition plaintiff contends for would extend the Workmen's Compensation Act beyond its purpose and make it in effect an unemployment compensation act also. The purposes which underlie the Workmen's Compensation Act are: to assure to the injured employee and his dependents an income during the period of his total disability and to provide compensation for any resulting permanent disability; to accomplish this by a simple and speedy procedure which eliminates the expense, delay and uncertainty in having to prove negligence on the part of the employer; and to thus require industry to bear the burden of the injuries suffered in it.[2]

■ The important point to note here is that compensation during total disability does not necessarily mean until the employee is able to do his former work. If this were so, where there is the loss of a hand, or a foot, or other permanent partial

1. In regard to a further award for partial disability, in addition to compensation for total disability during healing process, see Western Contracting Corp. v. Industrial Commission, 15 Utah 2d 208, 390 P.2d 125; as to application of this general provision to a back injury see Markus v. Industrial Commission, 5 Utah 2d 347, 301 P.2d 1084.

2. See a good statement of the purposes of the Act by McConkie, District Judge, in Park Utah Consol. Mines Co. v. Industrial Commission, 84 Utah 481, 36 P.2d 979.

disablement, the period of total disability could be indefinite because he may never be able to do the same work again. The fact that when plaintiff's doctors released him for work he was unable to reobtain his former job is no reason for concluding that his condition of total disability continued until he could do so. While it may be generous and considerate of the employer to reemploy a man who has been injured, the law does not impose any such legal duty.

The purposes of the Act as hereinabove stated were fulfilled in this case by granting to the plaintiff full compensation from the time he left the job until his doctors released him for work; and by the further award of the appropriate amount as allowed by statute for his residual disability of 20% loss of bodily function. The Act confers upon the Commission the prerogative and the responsibility of making that determination. We see nothing in the situation presented by this record, viewed in the light favorable to the findings, to persuade us that the action of the Commission was so unreasonable that it could be classified as capricious or arbitrary.[3]

Accordingly, it is affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.

. 3. .See .Kent v. Industrial Commission, 89 Utah 381, 57 P.2d 724.