420 P.2d 44

Beulah B. GOCKE, Plaintiff,

v.

Otto A. WIESLEY, Daniel A. Elton, Eliot Y. Gates, Members of Board of Review of the Industrial Commission of Utah, Department of Employment Security, Defendants.

No. 10514.

Supreme Court of Utah.

Nov. 9, 1966.

Robert B. Hansen, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Fred F. Dremann, Salt Lake City, for defendants.

CALLISTER, Justice.

The plaintiff, Beulah B. Gocke, brought this action to review the decision by the defendant Board of Review of the Industrial Commission of Utah, dated December 1, 1965, which denied her unemployment compensation on the ground that she failed to show that she was available for work. She contends there was no substantial evidence to sustain this determination.

The plaintiff worked as an electronics assembler with Litton Systems, Inc., in Salt Lake City from January 21, 1963 to June 4, 1965. This job was terminated due to pregnancy. Claimant requested a maternity leave of absence, but it was denied on the ground that such leaves had been discontinued. Her baby was born on July 24, 1965. On September 4, 1965, plaintiff was released by her doctor as able to return to work. The next day she filed for unemployment benefits. During the period from September 6, 1965, to the middle of September the plaintiff had been contacting her former employer to inquire about possible re-employment. During the same period she inquired about job prospects at Shoppers' Discount. On September 14, 1965, the Department of Employment Security mailed her a determination advising her that her application for compensation had been denied on the ground that she had not shown that she was available for work.

Between the date the plaintiff received the Department's determination of September 14, 1965, and the review of the determination by the Appeals Referee on November 4, 1965, the claimant made several efforts to get work. Despite her efforts the Department's decision was affirmed by a Department representative on September 29; by the Appeals Referee on November 4; and finally, by the Board of Review of

the Industrial Commission on December 1, 1965. The reason given for their affirmance was that as of September 5, 1965, and subsequent thereto, the claimant was not "available for work" and therefore could not qualify for benefits under the Utah Employment Security Act. Section 35–4–4(c), U.C.A.1953.

■■■ A reversal of an order of the Industrial Commission denying compensation can only be justified if there is no substantial evidence to sustain the determination and there is proof of facts giving rise to the right of compensation so clear and persuasive that the Commission's refusal to accept it and make an award was clearly capricious, arbitrary and unreasonable. Kennecott Copper Corp. Employees v. Department of Employment Security, 13 Utah 2d 262, 372 P.2d 987 (1962). We are of the opinion that the conclusion of the Appeals Referee at the November 4, 1965, hearing, that the plaintiff was not available for work, is clearly unreasonable in light of the record and the Referee's own findings.

The findings of fact which the Appeals Referee made in support of his conclusion, which would justify a contrary conclusion, are as follows:

1. The claimant terminated her job because of pregnancy.

2. She filed for unemployment benefits on September 5, 1965.

3. From September 5 until the middle of September she had been contacting her former employer, but was given nothing definite as to a possibility of re-hire.

4. She inquired about job prospects at Shoppers' Discount.

5. On September 14, 1965, she was told that her casual effort would not qualify her as being available for work and eligible for benefits.

6. On September 30, 1965, she made telephone calls to four employers.

7. On October 10 until the 15th she personally applied at Albertson's.

8. She made some phone calls to some jewelry stores.

9. On October 20 she personally applied at Litton Data Systems, Inc.

10. On October 24 and November 2, 1965, she mailed replies to newspaper box advertisements.

It was upon these findings of fact that the Appeals Referee concluded that she had made only a minimum of personal effort and was therefore not "available for work."

■■■ We are aware that the Commission and its Department of Employment Security have the usual prerogatives of the trier of facts. We also recognize that it is inherent within the prerogatives of the Commission as the fact finder to judge the

credibility of witnesses and to draw any reasonable inferences as long as there is support in the record. However, when the Commission as trier of the facts makes findings of fact and then draws a conclusion inconsistent with the record and its own findings, this Court is not bound by that conclusion. We would be wrong in deferring to the Commission just because the claimant's testimony may have been taken to mean that she merely made an effort to qualify, rather than one to honestly obtain employment. It is not our job to substitute missing findings if there is no support in the record. It is our duty to examine the record and to affirm the decision unless we can say as a matter of law that the conclusion on the question of "available for work" was wrong because only the opposite conclusion could be drawn from the facts. Salt Lake County v. Industrial Commission, 101 Utah 167, 120 P.2d 321 (1941).

■■ Since the Appeals Referee sustained the denial of benefits on the ground that plaintiff was not "available for work," the sole issue before this Court is whether the record, along with the findings, supports the determination of the Appeals Referee as affirmed by the Board of Review of the Industrial Commission of Utah. We hold that it does not.

■ The Employment Security Act should be liberally construed to best effectuate its purposes. It is directed to meeting two needs of unemployed workers. First, it is to enable them to find suitable work; second, it is to provide cash benefits during periods of unemployment.

■■ In order to assure that only individuals who are unemployed because of lack of suitable job opportunities receive benefits, this state requires that one must be available for work. Section 35–4–4(c), U.C.A.1953. The Industrial Commission contends, and we agree, that the eligibility for compensation is not established by showing a passive willingness to gain employment. It seems that the claimant must act in good faith and make an active and reasonable effort to secure employment.

Although the words "available for work" have not been defined in this state by statute, the Utah Department of Employment Security has issued a "Handbook for Claimants" which defines what available for work means. On page five of the handbook under the caption "Be Available for Work" the following information is given:

"When the Employment Service has a job opening for which you can qualify, you will be notified by mail or telephone. "You must respond to all such requests. Failure to do so may result in denial of benefits.

"You must be ready to accept work at once. There must be no condition, personal or otherwise, which will prevent your accepting suitable full-time work.

This Department will determine the suitability of any offered employment."

Even though this handbook read literally doesn't require any affirmative action by a claimant other than registration, it is our belief that the broad purpose of the unemployment statute requires one to make a reasonable attempt to obtain employment. Therefore, the question that confronts us is whether or not the claimant's efforts in seeking employment as provided in the record and the Referee's findings were reasonable as a matter of law so that a contrary finding by the Commission and Appeals Referee would be arbitrary and unreasonable.

The record and the findings should dictate the reasonableness of her efforts. The plaintiff did not quit her job just to take advantage of the unemployment benefits. She became pregnant and naturally was forced to quit work. She was not the type who had depended on public assistance. The findings show that she had been employed with Litton Systems, Inc., for two and one-half years prior to having the baby. There is nothing in the Referee's findings which will support any inference that she did not make a legitimate attempt to obtain work. Based on her apparent clean work record, it seems reasonable and natural that she should look to her former employer in the first instance for re-employment. When that expectation didn't materialize, the plaintiff acted reasonably in seeking employment elsewhere by personal application, telephone calls and written responses to newspaper advertisements. These affirmative acts are all in the record and the Referee's own findings of fact. Such efforts constitute a reasonable effort on her part to obtain work.

Only if it is understood that an unemployment compensation law is a broad public measure, designed by the payment of benefits to check and ameliorate the effects of unemployment among workers who are able, willing and ready to work, will workers be assured the reasonable protection which the statute has provided for them. The same view was expressed by Justice Cardozo when he stated:

"An unemployment law framed in such a way that the unemployed who look to it will be deprived of reasonable protection is one in name and nothing more." See Steward Machine Co. v. Davis, 301 U.S. 548, at 593, 57 S.Ct. 883, 893, 81 L.Ed. 1279 (1937).

Reversed and remanded to the Commission for a determination consonant with this opinion.

HENRIOD, C. J., McDONOUGH and CROCKETT, JJ., and C. NELSON DAY, District Judge, concur.