506 P.2d 50

Veldon L. **LAUDER**, Plaintiff,

v.

**BOARD OF REVIEW OF INDUSTRIAL COMMISSION, Department of Employment Security, Defendant.**

No. 12950.

Supreme Court of Utah.

Jan. 29, 1973.

Veldon L. Lauder, pro se.

Vernon B. Romney, Atty. Gen., Edgar M. Denny, Asst. Atty. Gen., Salt Lake City, for defendant.

CROCKETT, Justice:

Veldon L. Lauder seeks review of a decision of the Board of Review of the Industrial Commission, Department of Employment Security, denying his application for unemployment compensation.

Applicant was employed by Greyhound Bus Lines where he operated from his home base in Salt Lake City. After being given a temporary layoff in Salt Lake, he bid for a run at San Jose, California, where he worked from November 16 to December 2, 1971, when he decided to return home. He gives several reasons for doing this: that he had thought he might lose his job and seniority if he did not bid for the one

at San Jose; that after going there he learned otherwise; that the Union rules would protect him. Moreover, he found it quite undesirable and impractical to have the extra expense and inconvenience of maintaining a separate residence there. Wherefore, he asked for a leave of absence and returned to Salt Lake where he was soon successful in bidding for a run and returned to work on December 16.

He sought unemployment compensation for three weeks, ending December 4, December 11 and December 18, 1971. At the hearing it appeared that he had actually received compensation from earnings of more than the $20 minimum for each of the first and last weeks stated above. In question is the week ending December 11.

The decision of the Appeals Referee was that:

Since you did go to California and accept that work, it must be held that work in California was suitable to your particular situation. By taking a voluntary leave of absence, it must be held that you did not in fact terminate your employment, but were in fact an employed individual . . . you could have worked in California had you not taken a leave of absence, it must be considered that you are not an unemployed individual. Benefits are denied.

The decision of the Board of Review reversed the finding that the applicant was "employed" during the period, and held to the contrary, that he was "unemployed," and then denied compensation on another ground: that he had refused to accept suitable and available employment, stating in part:

. . . had the claimant elected temporary layoff in Salt Lake, he might conceivably have been eligible for benefits since, because of the factor of distance, the work at San Jose might have been deemed unsuitable. However, he did not so deem it himself but instead went to San Jose and there took up his work for the company. This fact bears significantly upon the reasonableness of his actions in then leaving the work and returning to Salt Lake and temporary idleness. He was not then one who took a layoff rather than go to another point to work. He was, rather, in the position of one who having ongoing work available to him, leaves it and fails to accept and perform it.

We are in accord with the principle that the test to be applied as to eligibility under Sec. 35–4–4, U.C.A.1953, is one of reasonableness under the circumstances. Nevertheless, a worker is not obliged to leave his home and his family, nor to go to another state to seek or accept employment, to be eligible for benefits. The fact that the applicant was willing to do so on a trial basis should not preclude him from returning home and standing

upon his rights when he found that living away was undesirable and impractical. In our judgment the decision of the Board of Review that he was obliged to remain and work in San Jose, California, in order to avoid being involuntarily unemployed was unreasonable and arbitrary.[1]

The decision denying unemployment for the week ending December 11, 1971, is reversed and this matter is remanded for further proceedings consistent with this decision. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

1. See Gocke v. Wiesley, 18 Utah 2d 245, 420 P.2d 44.