STATE TAX COMMISSION of Utah, Plaintiff and Appellant,

v.

DEPARTMENT OF FINANCE, State of Utah, Defendant and Respondent.

No. 14658.

Supreme Court of Utah.

March 14, 1978.

Robert B. Hansen, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Joseph P. McCarthy, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HALL, Justice:

Appeal from a summary judgment declaring a tax levied against the State Insurance Fund under U.C.A., 1953, 31–14–4(1)(b) to be unconstitutional. We affirm.

■ Utah's Workmen's Compensation Act [1] was first enacted in 1917 largely as a consequence of the hazards associated with the growth of industry. The purposes of the Act are to assure the injured employee and his family an income during the period of his total disability as well as compensation for any resulting permanent disability, to eliminate the expense, delay and uncertainty of the employee having to prove the employer's negligence, and to place the burden of industrial injuries on industry.[2] To assure the availability of funds when such injury occurs, employers are required by law [3] to secure compensation through one of three ways: (1) the State Insurance Fund; (2) private insurance carriers; or (3) self-insurance. Participation in the State Insurance Fund is therefore voluntary, and although publicly administered, it is a private trust fund to be used to meet liabilities of various employers when an employee is entitled to compensation.[4]

Every company providing workmen's compensation insurance in Utah, (including the State Insurance Fund), is required to pay a tax of 3¼ percent of the total premiums received.[5] This tax is not in issue on this appeal. In addition to this, the State Insurance Fund is required to pay a tax of 1 percent of the total premiums it receives.[6] This tax law was passed in 1971 and applies only to the State Insurance Fund. As administrator of the Fund, the Department of Finance, respondent herein, refused to pay this additional tax, and the State Tax Commission, appellant herein, sued to compel payment. The district court found the statute unconstitutional and excused the respondent from payment of the additional tax. The Tax Commission now appeals, challenging the constitutional aspects of the decision as well as the propriety of granting a summary judgment.

■ The thrust of the Tax Commission's claim is that the Fund is different and therefore may be treated differently from other insurers. Equal protection [7] protects against discrimination within a class.[8] The legislature has considerable discretion in the designation of classifications but the court must determine whether such classifications operate equally on all persons similarly situated.[9] The State Insurance Fund has been singled out from among a larger class of insurers to pay a tax imposed upon no one else which must be considered to be arbitrary and constitutionally prohibited. Examples of the similarities between the Fund and others within its class include the following. The assets of the Fund exist only to cover the identical obligations covered by private insurers. The Fund has the same administrative costs as private insurers: establishment of premium and hazard rates, procedures for analyzing claims and

1. U.C.A., 1953, Title 35, Chapter 1.

2. *Wilstead v. Industrial Comm.*, 17 Utah 2d 214, 407 P.2d 692 (1965).

3. U.C.A., 1953, 35–1–46.

4. *Gronning v. Smart*, Utah, 561 P.2d 690 (1977); *Chez v. Industrial Comm.*, 90 Utah 447, 62 P.2d 549 (1936).

5. U.C.A., 1953, 31–14–4(3).

6. U.C.A., 1953, 31–14–4(1)(b).

7. Utah Constitution, Article I, Section 2; United States Constitution, Fourteenth Amendment.

8. *Carter v. State Tax Commission*, 98 Utah 96, 96 P.2d 727 (1939).

9. *Slater v. Salt Lake City*, 115 Utah 476, 206 P.2d 153 (1949).

making disbursements, reinsurance considerations, Fund investment decisions, collection procedures, legal fees and policy issuance. These administrative costs, and other expenses are deducted from the Fund by legislative appropriations of Fund money.[10] The Fund has the same rights to sue and be sued and make contracts that a private insurer has. The Fund enjoys no immunities not provided to private insurers. The only distinguishable feature is that the Fund is administered by a State agency, the cost therefor being paid from the premiums. This feature is not a rational basis to treat the Fund as a distinct classification. The Tax Commission implies that the tax is to pay for the cost of administration. It is represented by appellant on this appeal that the Commissioner of Finance and his Department provide many services to the Fund as does the State Treasurer, Attorney General, and State Auditor. If such be the case it would appear that the provisions of U.C.A., 1953, 35–3–1 would apply and that a legislative appropriation from the Fund should be made available to pay for these services. To permit otherwise would be to grant preferential treatment in favor of the Fund, a situation as offensive to the equal protection provisions as the one alleged in this appeal.

An argument closely related to that of equal protection involves the constitutional provision precluding enactment of a special law where a general law can apply.[11] Because all companies furnishing workmen's compensation insurance are of a single class, as explained *supra*, a law operating exclusively upon one member of that class is constitutionally invalid as a special law.

Appellant's final claim of error is that summary judgment under Rule 56, U.R. C.P., was improper because genuine issues of fact remained to be resolved. We are convinced that what is involved is strictly a law question and we therefore affirm the lower court's judgment.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

10. U.C.A., 1953, 35–3–1.

11. Utah Constitution, Article VI, Section 26.