Eli J. MARTINEZ, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, Defendant.

No. 15084.

Supreme Court of Utah.

March 14, 1978.

Bruce Plenk of Utah Legal Services, Inc., Ogden, for plaintiff.

Robert B. Hansen, Atty. Gen., Floyd G. Astin, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

HALL, Justice:

This is a review of the Industrial Commission's affirmation of the decision of an appeal referee which denied unemployment compensation for a fifty-two week period and assessed an overpayment of $1,414.00. The decision was based upon a finding that plaintiff had knowingly withheld material facts regarding his ability and availability for work in order to receive benefits to which he was not entitled.

Plaintiff suffered on-the-job injuries to his back and neck over a two year period prior to his being layed off in January, 1976, however, they were not medically diagnosed. He was again examined by a neurosurgeon in February, 1976, and was hospitalized March 1–6, 1976, and again April 19–21, 1976, for extensive testing which resulted in the diagnosis of a disrupted disc.

Plaintiff acknowledges receipt of a letter dated May 18, 1976, certifying him as unable to work and as eligible for workmen's compensation. Thereafter, plaintiff was hospitalized for the third time May 25 through June 3, 1976, when spinal surgery was performed, and shortly thereafter he

was awarded workmen's compensation benefits for the injuries and a lump-sum payment retroactive to February 19, 1976.

Plaintiff filed claims for unemployment benefits certifying his availability for work during all three of his periods of hospitalization which prompted the Commission's finding of fraud. Plaintiff assails the finding as arbitrary and capricious and unsupported by the evidence.

The basic issue for our determination is whether the evidence is sufficient to support a finding that plaintiff knew he was not able to work or available to work by reason of his hospitalization.

The standard of appellate review in these cases is established by statute[1] and the findings of the Commission and the Board of Review are conclusive if supported by the evidence and the jurisdiction of this Court shall be confined to questions of law. The duty of this Court was very succinctly stated in the case of *Gocke v. Wiesley*[2] cited by both parties here:

> . . . It is our duty to examine the record and to affirm the decision unless we can say as a matter of law that the conclusion on the question of "available for work" was wrong because only the opposite conclusion could be drawn from the facts. . . .

Plaintiff was required to file a weekly claim form which contained the following certification:

> a. I was able, available and willing to accept full-time work. . . .
>
> * * * * * *
>
> d. My statements are correct. I know the law provides for penalties for false statements.

The claim forms filed by plaintiff also contained his certification of "no" to the following statement: "I am receiving or have applied for retirement or disability pay."

In regard to plaintiff's hospitalization for surgery, there can be no doubt but that such rendered him not only unavailable for work but unable to work as well, yet plaintiff certified absolutely to the contrary. It is significant also that long prior to such certification he had been advised of the finding of the neurosurgeon that he was unable to work and was eligible for workmen's compensation. He withheld this information and in fact certified to the contrary on his weekly claim for unemployment benefits.

In regard to plaintiff's first two periods of hospitalization, there may conceivably have been some uncertainty at the time of admission as to the length of time he would be unavailable for work. However, when his hospitalization extended to six and three days, respectively, all uncertainty disappeared and he was clearly unavailable for work yet he again certified to the contrary.

 Plaintiff's contention that the evidence fails to support a finding of fraud is without merit. He had a duty to make a complete and full disclosure concerning his ability and availability for work. The intention to defraud is inherent in the claims themselves which contain false statements and fail to set forth material information required by statute.[3] The filing of the claim evidences a purpose or willingness to present a false claim in order to obtain unlawful benefits and is in and of itself a manifestation of intent to defraud.[4]

The decision is affirmed. No costs awarded.

ELLETT, C. J., and WILKINS, J., concur.

CROCKETT, Justice (concurring but with comment):

If the disqualification for 52 weeks is imposed simply because it is so authorized by the statute, and not because the facts justify that maximum penalty, that is a

1. U.C.A.1953, 35–4–10(i).

2. 18 Utah 2d 245, 420 P.2d 44 (1966).

3. U.C.A.1953, 35–4–5(e).

4. *Mineer v. Board of Review of the Industrial Commission of Utah,* Utah, 572 P.2d 1364 (1977).

capricious and arbitrary result. However, I recognize that the present decisional law of our state is as set forth by the majority in our recent case of *Diprizio v. Industrial Commission,* Utah, 572 P.2d 679. I reaffirm my view, as pointed out in the dissent therein, as to the unreasonable and undesirable aspects of holding that the Commission, in performing judicial functions, has no judicial discretion and cannot do other than impose the maximum penalty.

MAUGHAN, Justice (dissenting):

My concurrence in the dissenting opinion to *Diprizio v. Industrial Comm.,* Utah, 572 P.2d 679, 681 (1977) will serve as my dissent here.