William D. MILLETT, Plaintiff,

v.

INDUSTRIAL COMMISSION of the
State of Utah, Board of
Review, Defendant.

No. 16385.

Supreme Court of Utah.

March 7, 1980.

Merlin G. Calver, Ogden, for plaintiff.

Robert B. Hansen, Atty. Gen., K. Allen Zabel, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

HALL, Justice:

Plaintiff appeals the decision of the Industrial Commission which denied him unemployment compensation benefits for a period of 52 weeks and assessed an overpay-

ment in the amount of $1,785.00[1] on the grounds that plaintiff knowingly withheld material facts regarding his employment and earnings therefrom in order to obtain benefits to which he was not entitled.

Plaintiff sought and obtained unemployment compensation effective January 22, 1978. Thereafter, he filed weekly claims for benefits through February 25, 1978. He reopened his claim for benefits effective July 2, 1978, and filed weekly claims through September 30, 1978, receiving a total of $2,053.00 in benefits.

Plaintiff accepted employment with Rhead Realty Construction on February 12, 1978, and remained so employed through June, 1978. Although claiming to be unaware that he would be compensated for his services, he received payment for his first week's work on or before February 24, the day his paycheck was paid by the issuing bank. Nevertheless, plaintiff wrote, on his February 25th unemployment compensation claim, that he was unemployed.

The Commission contacted plaintiff in November, 1978, requesting an explanation. Plaintiff requested a telephone hearing before a Department Representative who discounted plaintiff's explanation of mistake and misunderstanding, and who instead determined that plaintiff had willfully misrepresented his employment status on February 24, 1978, and thus imposed the statutory sanctions.[2] Plaintiff appealed the ruling, which was affirmed by the Appeals Referee, and, on appeal therefrom, by the Board of Review. It is from this decision that plaintiff pursues the instant appeal.

Essentially, plaintiff advances two propositions: (1) he suggests that the evidence relied upon by defendant was insufficient to sustain a finding of fraudulent misrepresentation; and (2) he suggests that the

defendant applied the statute either improperly or inequitably in this instance. We find these contentions to be without merit.

■ A finding of the Commission will not be upset by this Court unless there is a lack of sufficient evidence in support thereof.[3] This review standard applies in like degree to cases involving a finding of fraud on the part of the Commission.[4]

■ Plaintiff admits that he received, and negotiated, a paycheck from Rhead Realty Construction prior to submitting his claim for compensation to the Commission, and that that claim nonetheless asserted that he was unemployed at the time. Plaintiff's testimony further shows that he did so in order to assure some source of income for himself in the event that his position at Rhead terminated. These facts, without more, establish a willful misrepresentation of plaintiff's employment status. Such being sufficient to invoke the applicable law relied on by the Commission, no further evidence is needed.

■ Plaintiff's various suggestions regarding alternate interpretations and applications of the provisions relied on by the Commission ignore the clear import of the language used in those provisions. Although since modified in certain respects not pertinent here, the portions of U.C.A., 1953, 35–4–5(e) applicable to this proceeding read as follows:

> An individual shall be ineligible for benefits or for purposes of establishing a waiting period . . . .. For the week with respect to which he had willfully made a false statement of representation or knowingly failed to report a material fact to obtain any benefit under the provisions

**1.** Pursuant to the provisions of U.C.A., 1953, 35–4–10(e).

**2.** Id.

**3.** U.C.A., 1953, 35–4–10(i); *Kennecott Copper Corporation Employees v. Dept. of Employment Security*, 13 Utah 2d 262, 372 P.2d 987 (1962); *Gocke v. Wiesley*, 18 Utah 2d 245, 420 P.2d 44 (1966).

**4.** *Decker v. Industrial Commission, Dept. of Employment Security*, Utah, 533 P.2d 898 (1975); *Whitcome v. Dept. of Employment Security*, Utah, 564 P.2d 1116 (1977); *Diprizio v. Industrial Commission, Board of Review*, Utah, 572 P.2d 679 (1977).

of this act, and for the 51-week period immediately following and until he has repaid to the fund all moneys he received by reason of his fraud and which he received during such following 51-week disqualification period . . . .

U.C.A., 1953, 35–4–6(d), moreover, provides that:

Any person who, by reason of his fraud, has received any sum as benefits under this act to which he was not entitled shall be liable to repay such sum to the commission for the fund.

The language quoted is clear in its import: misrepresentation regarding eligibility for benefits calls for disqualification for a period of 52 weeks, and demands a restitution of all funds improperly paid during that period.[5] Plaintiff's various suggestions regarding alternate methods of dealing with the problem, such as a return to the pre-1949 system of linking the length of the disqualification period to the severity of the misrepresentation, or distinguishing between fund procured by fraud and those procured by fault or without fault, would be more appropriately submitted to the body empowered to implement them.

Plaintiff suggests, finally, that the application of the act in his case denied him equal protection of the law, by requiring restitution of benefits procured by him during the disqualification period, where such "punishment" would not be required of one who, during the disqualification period, had received no benefits. It is well established that any legislative act which makes a classification or differentiation which is rationally related to a legitimate governmental purpose satisfies the exigencies of equal protection.[6] The law in the present case plainly seeks to establish a penalty period for misrepresentation in the filing of claims for unemployment compensation. It does so in order to encourage honestly in reporting. Such a procedure necessarily entails disgorgement of any benefits procured by the claimant's wrongdoing; otherwise, the penalty would indeed operate unequally, denying benefits to those whose misrepresentations are discovered during the disqualification period, while permitting the claimant who successfully concealed his fraud until the time had passed to retain his benefits.

The decision of the Commission is affirmed.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., concurs in result.

5. *Diprizio v. Industrial Commission, Board of Review,* cited *supra.*

6. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); see also *State Tax Commission v. Dept. of Finance,* Utah, 576 P.2d 1297 (1978); *Continental Bank & Trust v. Farmington City,* Utah, 599 P.2d 1242 (1979).