**Walter W. RICHMOND, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Board of Review of the Industrial Commission of Utah, Defendant.**

**No. 18946.**

Supreme Court of Utah.

June 6, 1983.

---

1. See *State v. Elliott (Clayton),* Utah, 641 P.2d 122 (1982).

Walter W. Richmond, pro se.

Floyd G. Astin, K. Allan Zabel, David L. Wilkinson, Salt Lake City, for defendant.

PER CURIAM:

By writ of review, plaintiff appeals from a decision of the Industrial Commission. Plaintiff was disqualified from receiving unemployment benefits after he had misrepresented his employment situation. He was also required to repay defendant $1,660 for benefits received during the disqualification period. Plaintiff seeks modification of the Commission's decision to allow him to repay only $800.

Plaintiff does not dispute the facts leading to his disqualification. Plaintiff started work for Bonneville International on December 16, 1981, after having received unemployment benefits for the preceding several weeks. He worked on "a straight commission" basis, but had received draws on future commissions totaling $1,000 by January 16, 1982. During that same period of time, plaintiff continued to file unemployment claims indicating that he was not working. As unemployment compensation, plaintiff received $166 per week for the weeks ending December 19 and 26, 1981, and January 2, 9, and 16, 1982. In mid-January, plaintiff called the Department of Employment Security to explain that he was working and that he had received draws on future commissions. He was told that he was in violation of the regulations and that he "needed to come down and straighten out the matter."

On his next unemployment claim, plaintiff indicated that he was working. In a telephone hearing later that summer, a department representative ruled that plaintiff had knowingly withheld information to receive benefits to which he was not entitled. Plaintiff was ordered to repay a total of $1,660. The decision was affirmed after another hearing before an appeal referee. Following further appeal, the Board of Review also affirmed.

The confusion claimed by plaintiff [1] does not negate the fact that he was working and claimed otherwise. We have previously held that intention to defraud is inherent in unemployment claims when such claims contain false statements and fail to set forth material information required by statute.[2]

The amount of repayment is governed by statute. U.C.A., 1953, § 35–4–5(e) (Supp. 1981) provides, in part, as follows:

[E]ach individual found in violation of this subsection shall pay to the commission twice the amount received by reason of the false representation or statement or failure to report a material fact.

The Commission found that plaintiff had fraudulently received benefits of $166 per week for 5 weeks. Doubling this, as required by the foregoing statute, gives the $1,660 as assessed by the Commission.

Since there is substantial competent evidence to support the findings and decision of the Commission, we affirm.[3]

1. That the $1,000 he had received from Bonneville International was a draw against *future* commissions, and that he had previously been told that he was entitled to benefits until he received compensation.

2. *Martinez v. Industrial Commission,* Utah, 576 P.2d 1295 (1978). *See also Mineer v. Board of Review,* Utah, 572 P.2d 1364 (1977).

3. *See, e.g., Whitcome v. Department of Employment Security,* Utah, 564 P.2d 1116 (1977); *Members of Iron Workers Union of Provo v.*

*Industrial Commission*, 104 Utah 242, 139 P.2d    208 (1943).