Robert C. SLINGER, Plaintiff,

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 20998.

Supreme Court of Utah.

Jan. 27, 1987.

---

Robert C. Slinger, pro se.

K. Allan Zabel, Salt Lake City, for defendant.

HOWE, Justice:

Plaintiff seeks review of a decision of the Board of Review of the Industrial Commission affirming the denial to him of unemployment compensation benefits and assessing an overpayment penalty. He contends that he was denied due process at an administrative hearing and that he was improperly denied unemployment benefits as well as assessed overpayment penalties pursuant to U.C.A., 1953, §§ 35–4–5(e) and 35–4–6(d).

Plaintiff filed his initial claim for unemployment benefits on April 1, 1984, and received a copy of the "Unemployment Insurance Claimant Guide." He was told by the Department of Employment Security to report attendance at military drills on his weekly claim card, and to report his earnings for the week he worked, not the week in which he expected to be paid. During the first several weeks of his claims for benefits, he correctly reported part-time work and earnings from the Army Reserve.

Plaintiff left the Army Reserve and joined the National Guard in July 1984. Instead of working one night each week as he had for the Army Reserve, he worked one weekend each month, and an occasional Friday night. His weekly unemployment benefit was $133 and he could earn up to $33 each week without any reduction of

that amount. During the weeks pertinent here, he earned and reported wages and received unemployment compensation benefits as follows:

| Week Ending | Wages Earned | Source | Wages Reported | Unemployment Comp. Rec'd |
|---|---|---|---|---|
| July 14 | $ 66.92 | National Guard | 0 | $133 (full) |
| July 21 | $ 66.92 | National Guard | 0 | $133 |
| Aug. 18 | $100.38 | National Guard | 0 | $133 |
| Aug. 25 | $ 66.92 | National Guard | 0 | $133 |
| Sept. 8 | $ 66.92 | National Guard | 0 | $133 |
| Sept. 15 | $ 66.92 | National Guard | 0 | $133 |
| Oct. 6 | $100.38 | National Guard | 0 | $133 |
| Oct. 13 | $ 66.92 | National Guard | 0 | $133 |
| Nov. 3 | $ 96.00 | U of U | $64 | $82 (partial) |
| Nov. 10 | $ 96.00 | U of U | $64 | $82 (partial) |
|  | $ 33.46 | National Guard | 0 |  |

He filed weekly claim cards for each of these weeks and reported that he had not worked or had any earnings, with the exception of his claims for the weeks ending November 3 and November 10; he reported earnings from the University of Utah of $64 each week for those two weeks.

Plaintiff asserts that he did not report these earnings from the National Guard because their monthly total was the same amount as he had previously earned when he worked one night each week for the Army Reserve. He argues that even though these earnings were earned all in two calendar weeks, if they are prorated over the four weeks of a month, the amount would not be enough to affect his weekly benefit.

The Department of Employment Security hearing officer determined that plaintiff had been improperly paid benefits and assessed a penalty against him. Plaintiff appealed. At the hearing on appeal, the administrative law judge agreed that plaintiff was improperly paid benefits but modified the amount of the penalty, and found that plaintiff had willfully made false representations and knowingly failed to report material facts in order to obtain benefits to which he was not entitled. Pursuant to the provisions of section 35-4-5(e), he was assessed twice the amount received by reason of his false representations and advised that he would not be eligible for future benefits until the full amount had been paid. The Board of Review affirmed the findings of the administrative law judge.

## I.

After review of the record, we find that at the time plaintiff received the notice of hearing on his appeal, he also received a pamphlet entitled "Unemployment Insurance Appeals Information" which advised him of his right to representation at the hearing. Plaintiff appeared at the hearing without representation and voiced no objection to proceeding without the services of legal counsel. The administrative law judge discussed the purpose and procedure of the hearing at the outset and gave plaintiff an opportunity to review the documentary record. Plaintiff acknowledged that he understood those matters and at the hearing was given every opportunity to express himself.

Plaintiff now contends that he was unable to present an adequate defense to the decision of the Department of Employment Security. However, his brief does not point to any particular evidence or argument that was not considered in the hearing before the administrative law judge. Thus, he has failed to show that he was prejudiced by the manner in which the hearing was conducted or that he was denied due process.

## II.

We must also resolve whether the Department of Employment Security properly determined that plaintiff had willfully misrepresented or knowingly failed to report material facts for the purpose of obtaining

benefits to which he was not entitled. Section 35–4–5(e) provides:

5. An individual is ineligible for benefits....

....

(e) For each week with respect to which the claimant willfully made a false statement or representation or knowingly failed to report a material fact to obtain any benefit under the provisions of this act, and an additional 13 weeks for the first week the statement or representation was made or fact withheld and six weeks for each week thereafter; the additional weeks not to exceed 49 weeks. The additional period shall commence on the Sunday following the issuance of a determination finding the claimant in violation of this subsection. In addition, each individual found in violation of this subsection shall pay to the commission twice the amount received by reason of the false representation or statement or failure to report a material fact....

At the time plaintiff filed his initial application for benefits, he received the "Unemployment Insurance Claimant Guide" which contained instructions regarding the reporting of work and earnings. He stated that he understood the instructions contained in the guide. He was also personally advised by a department representative that he was to report attendance at military drills on his weekly claim cards, and that he should report his earnings during the week in which they were earned, as opposed to the week in which he received payment.

■ Section 35–4–3(c) of the Utah Employment Security Act provides in pertinent part:

Each eligible individual ... shall be paid ... a benefit in an amount equal to the claimant's weekly benefit amount less that part of the claimant's wage payable to the claimant with respect to that week which is in excess of 30% of the claimant's weekly benefit amount....

Plaintiff's weekly benefit was $133. Applying the formula established by this section, he could have earned up to $33 in any week before his benefit would be reduced. He conceded that the reports received by the Department of Employment Security from the National Guard and the University of Utah with respect to his wages were correct. They showed that he earned wages from the National Guard of $66.92 per week for each of the weeks ending July 14, July 21, August 25, September 8, September 15, and October 13, 1984, as well as $100.38 per week for the weeks ending August 18 and October 6, 1984, and $33.46 for the week ending November 10, 1984. Applying section 34–4–3(c), it is evident that in each of the weeks in question, he earned more than the permissible thirty percent. Because he failed to report any of his National Guard earnings to the Department of Employment Security, he received benefits to which he was not entitled during each of those weeks.

Plaintiff's contention that he was entitled to the full benefit each week because his total National Guard earnings, if averaged over the four weeks of a month, did not exceed thirty percent of his weekly benefit is unfounded. This argument ignores the specific provisions of section 35–4–3(c) which require that eligibility for benefits be determined on a week-by-week basis, and overlooks the fact that he did not earn his National Guard wages on a monthly basis; rather, he earned them by working just one weekend each month.

■ Finally, we reaffirm that the intention to defraud is inherent in a claim which contains false statements and which fails to set forth material information required by statute. *Martinez v. Industrial Commission*, 576 P.2d 1295 (Utah 1978); *Mineer v. Board of Review of the Industrial Commission*, 572 P.2d 1364 (Utah 1977).

■ We agree that the Department of Employment Security properly concluded from the documentary record and plaintiff's own statements that he had purposely misled the Department of Employment Security regarding his work and earnings with the National Guard in order to obtain benefits to which he was not entitled. As a result of that determination, the Department of Employment Security properly imposed the mandatory penalties set forth in section 35–4–5(e), thereby disqualifying plaintiff from the receipt of benefits for each of the weeks in which the fraud had occurred, plus forty-nine additional weeks, and establishing an overpayment of $1,964.

The decision of the Board of Review is affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.